McCurdy v. Baker.

## W. S. McCURDY v. J. L. BAKER.

1. SHERIFF SALES; *Posting Notices.* In sales of real estate upon execution, notice by posting on the court-house door and in five other public places is necessary only where there is no newspaper printed in the county.

2. ——— *Publishing Notice in Newspaper.* In such sales, the notice in the newspaper must be continued in each successive issue thereof, up to the day of sale, the first insertion being more than thirty days prior thereto.

*Error from Greenwood District Court.*

JUDGMENT of foreclosure and sale was given in favor of *McCurdy* against John G. Kirkman and another, and an order of sale was issued to *Baker* as sheriff to appraise, advertise and sell the mortgaged premises as upon execution. He did so, and charged fees for publishing the notice of sale in four consecutive issues of the *Eureka Herald*, a weekly newspaper, and for making and posting up six copies of said notice of sale, one copy on the court-house door, and the other five

in five public places in the county. At the sale *McCurdy* bid in the property, which did not sell for as much as his judgment. Sheriff *Baker* made return of said order of sale, and his proceedings thereon. Among other fees he charged $7.50 as printer's fees for publishing said notice in said paper, ($3 for the first insertion, and $1.50 for each of the other three insertions;) and he charged $14.70 for making said six copies, and mileage for posting them up. At the September Term 1872 *McCurdy* filed a notice to tax all of said costs against *Baker* except the $3 for one publication in the newspaper. The district court held that the statute required only *one* publication in a newspaper, but that the statute made it necessary to make and post up six notices in addition to said one publication, and thereupon overruled said motion as to the item of $14.70, and sustained it as the fees for the last three publications in the newspaper. *McCurdy*, plaintiff, and *Baker*, sheriff, both excepted, and each brings the case here on error.

*R. M. Ruggles*, for plaintiff McCurdy, submitted that it is not necessary or proper for the sheriff in making sale of real estate under order of sale or execution to post up notices on the court-house door, and in five other public places in the county, of the time and place of sale, where there is a newspaper printed and published and of general circulation in the county. *Treptow v. Buse*, 10 Kas., 170. Our statute, (code, § 457,) provides for two classes of cases — one where there is a newspaper printed and published in the county; and the other, where there is no newspaper printed or published therein. In the first, a publication in the county newspaper is alone sufficient; in the other, the posting of notices is required. As to number of times notice is to be published, see 13 Ohio, 128.

*J. L. Baker*, sheriff, appearing for himself, refers to § 457 of the code, which provides that *thirty days' notice* shall be given in a newspaper; and he claims that a continuous notice during the entire thirty days, or so many times as

the newspaper is published during that time, is required.   He also claims that said § 457 of the code requires the posting of notices in both classes of cases, whether there is a newspaper printed in the county or not.

The opinion of the court was delivered by

BREWER, J.:  The questions in this case arise upon the construction of § 457 of the civil code.   Is notice by posting upon the court-house door, and in five other public places in the county, required in all cases of sale, or only in those cases where there is no newspaper printed in the county?   We think the section may fairly be construed to sustain either view, and it is difficult to suggest reasons why either should be preferred.   We shall sustain the latter, and hold that notice by posting is necessary only where there is no newspaper printed in the county.   We do this because the language of the section as clearly sustains this as the other, and because thus having been accepted in some parts of the state as correct, and sales made in accordance therewith, the opposite construction might cast a cloud upon many titles.

Is one insertion of the notice in the paper sufficient, or must it be continued through the successive issues of the paper up to the day of the sale?   The language is, "public notice of the time and place of sale, for at least thirty days before the day of sale, by advertisement in some newspaper."  The preposition "for," as used in the language quoted, requires, as it seems to us, an insertion in each successive issue of the paper up to the day of sale, the first one being more than thirty days prior thereto.   In the authority cited by counsel the language was "at least sixty days," the preposition "for" being omitted.   The difference is obvious.   This case is here upon cross petitions in error to reverse the ruling of the district court upon a motion to retax costs.   As our views upon both questions differ from those of the district court, the case will be remanded with instructions to decide the motion in accordance with the views herein expressed. The costs in this court will be divided.

All the Justices concurring.