The opinion of the court was delivered by
Brewer, J.:
On the 26th of April, 1873, the plaintiff in error purchased at sheriff sale 80 acres of land in Leavenworth county, which was sold in pursuance of a decree of foreclosure previously rendered by the district court of said county. An order of sale was issued on said decree to the sheriff, who caused the property to be advertised for sale— the advertisement being published in the Leavenworth Weekly Times four consecutive weeks, to-wit, on the 20th and 27th days of March, and on the 3d and 10th days of April. The proceedings of the sheriff are fully set out in his return; and on motion of the judgment-debtor the court set aside the sale, on the ground that “the sheriff’s return showed that public notice had not been given as required by law, of the time and place of sale.” The plaintiff in error seeks to reverse the order of the district court in setting aside the sale. This question was before the court in the case of McCurdy v. Baker, decided at the January Term 1873, (11 Kas., 111,) and we see no reason to change the views therein expressed. True, our attention was not then called to the case of Craig v. Fox, 16 Ohio, 563, in which a different view of a precisely similar statute seems to have been entertained by two justices of the supreme court of Ohio. No decision was made however in that case upon the question, the other two justices apparently concurring with the views, expressed by this court. The statute requires public notice “for at least thirty days before the day of sale” by advertisement, etc. The question turns upon the force of the word “ for,” in the language quoted. It seems to us to be nearly equivalent to the word “ during.” *494 Such is a common signification of the word, and unless it have that meaning here, it is entirely superfluous. If the legislature intended that a single insertion in the paper should be sufficient, they would have expressed this intention much more clearly by omitting “for,” and saying only, “at least thirty days.” It is suggested by counsel that the language used in our former opinion indicates that the sale must be made on the very day of the last insertion, and therefore must always be fixed for the day of the issue of the paper. It does not seem to us that our language justifies any such construction. The sale may be appointed by the sheriff for any day except Sunday, and the notice must be first published at least thirty days prior thereto, and continued in each successive issue of the paper up to the day of sale. In other words, in every issue of the paper between the first insertion of the notice, and the day of sale, the notice must appear.
The order of the district court will be affirmed.
All the Justices concurring.