THOMAS G. THRUM *vs.* THE PACIFIC COMMERCIAL ADVERTISER and R. J. CREIGHTON.

APPEAL FROM DECISION OF PRESTON, J.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNANDER, J., absent.

The provisions of the statute of copyright are mandatory and must all be complied with; among them being the publication for the space of two months of the Certificate of the title and claim to copyright.

The Court was equally divided in opinion as to whether there had been a due statutory publication in this instance.

OPINION OF McCULLY, J., SIGNED BY JUDD, C.J.

This is a bill in Equity. for an account and an injunction, the plaintiff claiming that he has copyrighted a certain book called the "Hawaiian Almanac and Annual," which copyright the defendants have infringed by their publishing a book called the "Honolulu Almanac and Directory."

The plaintiff introduced at the trial in proof of his claim for copyright: 1st. The certificate of the Minister of Interior of the registry of the title as required by the statute, the certificate bearing date November 26, 1879.

The statute is as follows, Compiled Laws, page 63: "No person shall be entitled to the benefit of this Act, unless he shall first deposit a copy of his map, chart or book, in case the same shall have been printed heretofore, with the Minister of the Interior for preservation; and in other cases unless he shall deposit a copy of the title of such map, chart or book with the said Minister, who shall cause the same to be recorded in a book kept for that purpose, and shall give or cause to be given to the applicant a certificate, under seal, of the title of the work deposited, and the claim to copyright, which certificate the author

or proprietor shall immediately cause to be published in one or more newspapers published in this Kingdom for the space of two months, and the said applicant shall pay for the said certificate five dollars."

There was introduced in evidence a file of the *Pacific Commercial Advertiser*, a newspaper published weekly in Honolulu on Saturdays, which contained a publication of the said certificate in its various issues consecutively, beginning with Saturday, November 29, 1879, immediately following the date of the certificate, which was November 26th, Wednesday, and ending with the 17th January, 1880.

The Court (Mr. Justice Preston) held that such publication was insufficient under the statute, as not being "for the space of two months," and ordered the bill dismissed.

The plaintiff appealed from this order. The next day the plaintiff filed a motion for re-opening the said cause on the ground of newly-discovered evidence, viz., a file of the *Hawaiian Gazette*, a newspaper published weekly in Honolulu on Wednesdays. This newspaper contained a publication of the plaintiff's certificate in its issue of December 3d, which was the first Wednesday after the certificate was granted, and thereafter in every issue of the paper to and including the 28th January, 1880, *i.e.*, in nine weekly issues of the paper.

The Court ruled that this publication was not a compliance with the statute, and declined to re-open the case, from which order the plaintiff appealed.

BY THE COURT.

In an old case, 1808, *Nichols vs. Ruggles*, 3 Day, (Conn.) 145, it was held that the provisions of the Act of Congress requiring the author or proprietor to publish the title of his book in a newspaper, and to transmit a copy of the work itself to the Secretary of State, are merely directory and constitute no part of the essential requisites for securing the copyright. In this case there was no evidence that the required publication had been made, or that a copy of the book had been deposited in the office of the Secretary of State, but the Court held that if the

plaintiff had actual knowledge that the copyright had been secured, he could not recover for printing a book which was an infringement of the copyright, as the contract was illegal.

But. in 1834 the Supreme Court of the United States decided the case of *Wheaton vs. Peters*, 8 Peters, 223. Here the plaintiff claimed copyright in some twelve volumes of Reports of the United States Supreme Court, which was denied by the de-, fendant.

The opinion of the Court, delivered by Mr. Justice McLean, reviewed the English cases, and held that in the United States an author has no exclusive property in a publication except under some Act of Congress ; and further, that under the Act of May 31, 1790, an author obtains no such exclusive right unless he complies with the requirements of the third and fourth sections of the Act, by giving public notice in the newspapers, and depositing a copy of the work in the Department of State. The third section provides that " No person shall be entitled to the benefit of this Act, etc., unless he shall first deposit, etc., a printed copy of the title in the clerk's office, etc. ; and such author or proprietor shall, within two months from the date thereof, cause a copy of such record to be published in one or more of the newspapers printed in the United States, for the space of four weeks."

The Court say : "But the inquiry is made, shall the non-performance of the subsequent conditions operate as a forfeiture of the right ?

"The answer is, that this is not a technical grant of precedent and subsequent conditions ; all the conditions are important ; the law requires them to be performed, and consequently their performance is essential to a perfect title. On a performance of a part of them the right rests, and this is essential to its protection under the statute ; but other acts are to be done, unless Congress have legislated in vain, to render the right perfect. The notice could not be published until after the entry with the clerk, nor could the book be deposited with the Secretary of State until it was published. But these acts are not less im-

portant than those which are required to be done previously. They form a part of the title, and until they are performed the title is not perfect."

We notice that the language of our Copyright Act is identical with that of the United States as respects the part quoted, and was probably copied from it. This view has been taken in the case of *Ewer vs. Coxe*, 4 Wash. C. C. Reports, 487 (1824), and has been followed by the Federal Courts of the United States since *Wheaton vs. Peters*. In the Circuit Court of the United States, District of Columbia, *Parkinson vs. Laselle*, 3 Sawyer, 331, the Court say : "It is settled by the Supreme Court in *Wheaton vs. Peters*, 8 Peters, 591, that every act required by the Act of Congress of May 3, 1790 (1 Stat., 124), and of April 29, 1802 (2 Stat., 171), relative to copyrights, is essential to the title derived under those Acts. Unless he performs every act required by these statutes, the author acquires no exclusive right."

We feel quite safe in adopting this construction, sustained as it is by such high authority. Our statute says that "*no person shall be entitled to the benefit of this Act unless he shall do certain prescribed acts.*" These are essential to the completion of the title to the work sought to be judicially protected. The remaining question is, has the plaintiff shown a statutory publication?

We think he has. The statute does not prescribe that the publication shall be made in a daily newspaper for the space of two months.

It is a matter of common knowledge that in 1879 and 1880 no daily newspapers were published in this Kingdom. This was also true in 1864 when the Copyright Act was passed. The publication in the *Hawaiian Gazette* appeared in every one of its numbers that was issued for the space of the two months, which began with the first publication on December 3, 1879, and ended on February 3, 1880. The last issue of the *Gazette* within this period, was on the 28th day of January. The next issue thereafter was on the 4th of February, which is beyond the space of two months. Publication after the space of two

months is outside of the requirements of the law and unnecessary.

We think that although the plaintiff to secure his title to the work should show a compliance with all the requisites of the law, the Court is bound· to give a reasonable and liberal construction to the law prescribing these requirements.

The strict rule of construction adopted by this Court in *Silva vs. Lopez*, 5 Hawn. 262, should not be applied to this case.

In that case the parties contracted that a forfeiture should be worked and rights of property transferred upon the mortgagees making certain prescribed publications.

In the case of *Meyers vs. Callaghan*, 10 Bissell, 139, (cited in 25 Myers Federal Decisions, Section 207,) the Court held that "the various provisions of the law in relation to copyright should have a liberal construction in order to give effect to what may be considered the inherent right of an author to his own work. So when a person has in good faith attempted to comply with the Copyright Act of 1831, the fact that the notice of the copyright stated that the book was entered in 1866, when in fact it was entered in 1867, was held not to vitiate the copyright." But these observations are not necessary, since we hold that the publication of a notice of copyright made in every number of a weekly newspaper that is issued during the space of two months, is a compliance with the statute.

*L. A. Thurston*, for plaintiff.

*W. A. Whiting*, for defendants.

---

OPINION OF PRESTON, J.

I have given the opinion of the Chief Justice and my brother McCully full and careful consideration, and I hope with a mind open to conviction, and I regret that I cannot concur in the conclusion at which they have arrived, and the more so·that in consequence of the ill health of our late brother Justice Fornander, his opinion was not obtainable.

The matter involved is of great importance to the parties to the suit, and also to the public, and if I felt that I could modify

the opinion I have formed, so that a binding decision could be arrived at, to govern similar cases which may arise, without doing an injustice to my own feelings, I would so modify it.

The case is fully stated in the opinion from which I dissent, and I concur in the general view of the law of copyright therein expressed, and that the various provisions of the law relating to copyright should have a liberal construction, but I cannot agree that the publication made is a publication for two months.

The statute should in my opinion be strictly complied with, and if there was any difficulty in complying with it, a liberal construction would be by allowing a publication on the 4th of February to be within the statute.

Such a publication, i.e., from the 3d of December to the 4th of February, would in my opinion be within the statute and would have perfected the complainant's title.

I concur in the above.

R. F. BICKERTON.