## Billington v. Moore, et al.

(Decided January 20, 1916.)

### Appeal from Ballard Circuit Court.

1. Highways—Election to Vote Bonds to Construct Roads and Bridges—Notice.—The notice required to be given by the sheriff of an election to be held in a county for the purpose of voting a bonded indebtedness for building, constructing and reconstructing public roads and bridges under section 4307 of Kentucky Statutes, is mandatory and must be substantially complied with, otherwise the election will be void.

2. Highways—Election to Vote Bonds to Construct Roads and Bridges—Notice.—Where the election was called on the 21st of December to be held on the 27th of the following February, and the notice required by the statute, supra, was first published in a newspaper on January 22, and for each week thereafter up to and including February 19, and the next issue of the paper would have been the 26th of February, the day preceding the election, the requirements of the section of the statute as to the newspaper publication of notice of the election has under such facts been substantially complied with, and the election held on the 27th, the day for which it was called, being otherwise free from objections, is valid.

W. T. WHITE for appellant.

HENRY F. TURNER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was brought in the Ballard Circuit Court by the appellant, B. F. Billington, for himself and on behalf of all the other residents and taxpayers of Ballard county, against appellee, S. J. Moore, the county judge of said county, and the members composing the fiscal court of the county, seeking to enjoin the appellees, as such fiscal court, from issuing, selling, or offering for sale, bonds to the amount of three hundred thousand dollars ($300,000.00) which the court proposed to issue and sell, and offer for sale in pursuance of an election held throughout Ballard county on February 27, 1915. The bonds were voted "for the purpose of building, constructing and reconstructing public roads and bridges" under and by virtue of the powers conferred upon the fiscal courts of this State, as is provided by section 4307, 1915 edition of the Kentucky Statutes.

The election was held under an order of the county court, after the previous filing before it of a petition signed by the required number of the legal voters and freeholders of the county, made and entered upon the order books of the county court for Ballard county on December 21, 1914, which was a regular county court day in and for the county. At the election there were cast in favor of issuing the bonds 2,049 votes and against the proposition 732 votes; the proposition having been carried by more than a two-thirds vote of all the voters participating in the election.

The section of the statute, *supra,* provides that the "order (calling the election) shall direct the sheriff of the court to advertise said election and the objects thereof for at least thirty days next before the day thereof in some newspaper having the largest circulation in the county, and also by printed hand-bills posted up at not less than four public places in each voting precinct in the county, and at the court house door."

The only ground urged as a basis for the relief sought is that the required notice of the election, and the order calling same was not advertised in the newspapers by the sheriff for the time required by the statute, and because of this alleged omission, it is claimed that the election is void, and, as a consequence, the fiscal court has no right to issue or sell the bonds.

It is not disputed but that the sheriff advertised the election by hand-bills duly posted, as required by the statute, or that the indebtedness incurred by the issuing of the bonds violates any of the requirements of section 158 of the Constitution; nor is it claimed that there is any other defect, whether in the order calling the election, or the manner of holding the election, or in any other particular, save and except the requirement as to the newspaper advertisement of the election above referred to.

The record discloses that at the time of the ordering of the election and at the time it was held, and continually between such dates, there were published in Ballard county two weekly newspapers, The Ballard Yeoman, at Wickliffe, Ky., and The Weekly Advance, at LaCenter, Ky., and that these were all the papers published at such times in the county, and that each of them is a weekly publication only. That the sheriff caused to be published the order calling for the election and notice thereof in each of said papers on the following dates in the year 1915: January 22, January 29, February 5, February 12, and February 19. It will be observed that the first notice published was thirty-four days before the election, not counting the date upon which it was held. The next issue of each paper, after the publication on the 19th of February would have been February 26, the day before the election; but the notice was not published on that day. It is shown that the issues of the two papers published on the 26th were not mailed, or distributed, until late in the afternoon of that day, and that they would not have been received or read by the voters until the day of the election, and, in all probability, not until after the polls had been closed.

The requirement of the statute as to the notice of the election is mandatory (Cen. Cons. Co. v. City of Lexington, 162 Ky., 286), but notwithstanding the mandatory character of this provision, it was recognized in the opinion in that case that a substantial compliance with the statute in this regard would suffice, although the particular election therein being considered was held to be invalid because no substantial compliance had been had. The notice therein considered was required to be "published for at least two weeks just preceding the election, in the official newspaper in and for the city." The election for the issuance of the bonds assailed in that case

was held on November 5, 1912, and the first publication of the notice in such official newspaper was made on October 27, just preceding, and the last one was made on the day of the election. The court held that this was not a publication "for at least two weeks just preceding the election," as was required by the law under which the election was held, and necessarily determined that there was no substantial compliance with the requirements of the statute. Manifestly, under the facts therein presented, the opinion is proper. But, as we have seen, the facts relating to the advertisement of the election here involved are entirely and materially different. Whether the day of the first advertisement, as well as the day on which the election was held, both or either, be excluded, the advertisement was made "for at least thirty days next before" the day of the election.

The notice which was published in the newspaper on February 19 continued to notify the voters of the election for one week thereafter, which would carry the notification up to the day of the election, and inasmuch as this notice had been published in these two papers, being the only ones published in the county, continuously from January 22, in each issue of the paper, for five consecutive weeks next preceding the election, save and except the issue on the day before it was held, and which could not have been read by the voters before the day of the election, we conclude that the statute was more than substantially complied with as to the required notice which the sheriff should give.

We have not discussed the question as to whether, under the phraseology of the statute, the day of the first advertisement in the newspaper, or the day upon which the election was held, should be either included or excluded in calculating whether or not the thirty days required notice was given, for the reason that, whether they should be included or excluded, there yet remains more than thirty days from the time of the first publication until the election, during which time the notice was published in two papers in the county each week.

After the canvass of the returns and a certificate from the canvassing board showing the result of the election, in order to provide a sinking fund to pay the interest upon the bonds, and to extinguish them as they might mature, the county court entered an order levying an ad valorem tax of twenty cents on the hundred dollars'

worth of taxable property in the county. It is claimed by the appellant that this was done in violation of section 159 of the Constitution. We are not informed as to wherein this action on the part of the court violates any of the provisions of said section, nor have we been able to detect in any manner wherein such violation, if any, consists, or discover any grounds for the charge. On the contrary, the action of the court seems to be carrying out the express mandate of that section of the Constitution, for without such an order no fund to meet the interest on the bonds, or to extinguish them as they matured, could be raised.

Perceiving no grounds why the injunction prayed for should be granted, it results that the judgment dismissing the petition was proper, and it is affirmed.