Dewey & Hessel v. Loomis.

---

No. 24,885.

A. A. DEWEY and C. J. HESSEL, Partners, as DEWEY & HESSEL, *Appellees,* v. A. D. LOOMIS, *Appellant.*

SYLLABUS BY THE COURT.

1. EXECUTION SALE OF PERSONAL PROPERTY—*Notice of Sale.* In a sale of personal property on execution, notice of the sale may be given by an advertisement in a newspaper printed in the county, or if none is printed in the county by posting notices in five public places in the county, two of which shall be posted in the township where the sale is to be held. The posting of notices in the township is not necessary where there is a newspaper printed in the county in which the notice is published.

2. SAME—*Only One Bid at Sale—Sale Valid.* The fact that only one bid was made at the sale does not of itself render the sale invalid.

3. SAME—*Inadequate Price.* Mere inadequacy of price is not a sufficient ground to set aside a sale.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed June 9, 1923. Affirmed.

Dewey & Hessel v. Loomis.

*J. A. Brubacher, W. D. Jochems,* and *J. Wirth Sargent,* all of Wichita, for the appellant.

*S. S. Alexander,* of Kingman, and *H. C. Castor,* of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:  The defendant appeals from a decision over-ruling a motion to set aside a sheriff's sale of personal property made in execution of a judgment.

Insufficiency of the notice of sale was the principal ground of attack, although he alleged inadequacy of consideration and that only one person bid at the sale. The sheriff gave notice of the sale by an advertisement in a newspaper published in the county in which the sale was held and no other notice was given. No question is raised as to the circulation or official character of the newspaper or of the legality of the advertisement in it, but it is contended that under the statute it must be supplemented by two notices posted in public places in the township where the sale is to be held. So much of the statute as applies to the question under consideration is:

"The officer who levies upon goods and chattels, by virtue of an execution issued by a court of record, before he proceeds to sell the same shall cause public notice to be given of the time and place of sale, for at least ten days before the day of sale. The notice shall be given by advertisement, published in some newspaper printed in the county, or, in case no newspaper be printed therein, by setting up advertisements in five public places in the county. Two advertisements shall be put up in the township where the sale is to be held; . . ." (Gen. Stat. 1915, § 7353.)

The statute must control. Notice of a sale of personal property may be given by advertisement in a newspaper if one be printed in the county. In such a case that is a sufficient notice, but if no newspaper be printed in the county, notice may be given by the posting of notices in five public places in the county. The contention that the clause of the statute which provides that "Two advertisements shall be put up in the township where the sale is to be held," means that these notices are required whether notice be given in a newspaper or by posting in public places. We take a different view of the statute. Two kinds of notices are provided for, one by publication in a newspaper and the other by posting, and the clause referred to applies only where notice is given by posting. The part relating to posting is to be understood as if it read, "In case no newspaper be printed in the county, by setting up ad-

vertisements in five public places in the county, two of which shall be put up in the township where the sale is to be held." Similar language was employed in the provision of the old code, section 457, providing for notice of the sale of real estate, and it was held that a newspaper notice was enough and posting was only necessary where there was no newspaper printed in the county. (*McCurdy v. Baker*, 11 Kan. 111. See, also, *Treptow v. Buse*, 10 Kan. 170; *Pecos Valley Lumber Co. v. Freidenbloom*, 23 N. M. 383.)

It is further contended that the sale was invalid because only one bid was made for the property at the sale. The record recites that property was sold for $100 which was bid by Alexander, the attorney for the plaintiffs, and that no other bids were offered, but the briefs indicate that about twenty persons attended the sale. The statute does not make the scarcity of bidders or even of bystanders a ground for invalidity. It is said that more than one bid is necessary because of the use of the plural term in the section where it provides that if the property "cannot be sold for want of bidders," another execution directing the sale of the property may be issued. But this alone does not carry the implication that there must be at least two bidders before one can be accepted. The law contemplates that the officer shall obtain the best price that can be had for the property at the sale, and when due notice of the sale has been given to the public, and there has been no collusion or fraud in making it the fact that only one bid was received from a qualified person did not warrant the officer in refusing it nor did it make the sale to the single bidder either void or voidable. (*Power v. Larabee*, 3 N. D. 502; *Learned v. Geer*, 139 Mass. 31).

Another ground urged against the validity of the sale is that the price bid and paid for the property was inadequate. However, it is conceded that mere inadequacy of price is not a sufficient ground to set aside a sale. No circumstances are seen to take the case out of the application of that rule.

Judgment affirmed.