IN THE MATTER OF THE APPEAL OF F. E. TROT-
TER, WILLIAM B. LYMER, D. S. BOWMAN, C.
B. COOPER, JOHN D. McVEIGH, GEORGE P.
DENISON AND JOSEPH ORDENSTEIN, MEM-
BERS OF THE BOARD OF HEALTH OF THE
TERRITORY OF HAWAII, FROM A DECISION
OF THOMAS TREADWAY, AUDITOR OF THE
TERRITORY OF HAWAII.

No. 1774.

ARGUED SEPTEMBER 14, 1927.        DECIDED SEPTEMBER 27, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon an agreed statement of
facts on an appeal by the members of the board of health
from a decision of the auditor of the Territory. The
appeal is taken under section 1458, R. L. 1925. The facts
are thus set forth in appellants' opening brief:

"On July 9, 1927, the board of health published a call
for tenders for a motor truck in the Honolulu Advertiser.
Under this call, specifications and other information were
issued to a number of bidders, and upon the 20th day of
July, 1927, sealed tenders upon this truck were opened.
The Aloha Motors, Limited, had the lowest bid and an
award was made to this corporation. A contract was
thereupon drawn and executed, together with a sufficient
bond. The contract was then presented to the auditor
for his endorsement, in compliance with the terms of

section 1479, R. L. 1925, that there was an available unexpended appropriation sufficient to cover the amount required by such contract. The auditor refused to endorse the contract aforesaid, for the reason that the call for tenders had only been published once, the auditor claiming that under the provisions of section 1478, R. L. 1925, the call should have been published each day for ten consecutive days."

The appeal is from the decision last above set forth.

Section 1478, R. L. 1925, provides, among other things, that contracts of the kind above referred to "shall be made with the lowest responsible bidder after publication of a call for tenders, for not less than ten days, in a newspaper of general circulation printed and published within the Territory."

The contention of the appellants, as set forth in their opening brief, is that "the purpose of the statute is to make public the call for tenders by advertisement; that one advertisement is sufficient for such purpose, and that the remainder of the time granted is for the purpose of giving the bidders opportunity to consult the specifications, secure any information necessary, and present their bids. The time, that is, 'for not less than ten days', is not for the purposes of publicity but for the purpose of permitting contractors, once the call has been made public, to assemble the information and make the calculations necessary for them to present competitive bids."

This court has held otherwise to the following extent, viz., that "the object of such statutory provisions is to prevent favoritism, corruption, extravagance and improvidence in the awarding of all public contracts." "A fair competition among the bidders is the prime object of such statutory provisions and anything which tends to impair this is illegal." *Lucas* v. *American-Hawaiian E. & C. Co.,* 16 Haw. 80, 90; and *Wilson* v. *Lord-Young Engineering Co.,* 21 Haw. 87, 97.

In support of appellants' contention that one insertion of the notice above referred to in the Honolulu Advertiser more than ten days prior to the award provided in section 1478 satisfies the requirement of said section that publication of call for tenders shall be *"for not less than ten days"* is cited the case of *Woodward* v. *Collett*, 20 Ky. L. 1066, 48 S. W. 164, decided in 1898, which is directly in point but which does not appear to us to be supported by reason or by the weight of authority. In 1917 the court of appeals of Kentucky in *Hatfield* v. *City of Covington*, 177 Ky. 124, 197 S. W. 535, without overruling *Woodward* v. *Collett*, held that under a statute as to bond issues by municipalities requiring the ordinance to be published in the official paper for at least two weeks just preceding the election the notice must be continuously in every issue of the official paper during a period of two weeks prior to the election. The official paper in the instance last cited was a daily paper and the court held that publication of notice therefore should have been daily except Sundays for the required period. Quoting from the opinion in the *Hatfield* case with reference to the earlier case of *Billington* v. *Moore*, 168 Ky. 22, 181 S. W. 651: "Where the statute required that the notice of an election to be held upon a proposition to issue county road bonds should be advertised 'for at least thirty days next before' the day of the election, it was held that notices published in five consecutive issues of each of the two weekly papers published in the county next before the day of the election satisfied the statute. But in that case it affirmatively appeared that there was no daily paper published in the county, and that the notice was published continuously and as often as was possible under the circumstances."

The *Hatfield* case may be differentiated from the case at bar in that the statute therein construed required publication in an *official newspaper*, which in that instance

was shown to be a daily, while in the instant case no such official publication has been designated and the statute is silent as to whether publication is to be made in a newspaper of daily, weekly, semi-weekly or other periodical issuance. In other cases, however, under statutes similar to ours, courts have held that publication must be continuous during the period named and the meaning of publication "for" a specified time has been considered with reference to notices which have appeared in daily and in weekly newspapers where there has been no statutory restriction as between the two classifications above named. Quoting from *Union Pacific Railway Co.* v. *Montgomery,* 49 Neb. 429, 432, referring to a city ordinance, "under the provisions of said section 51, such an ordinance must be published at least for one week before it could become effective. The certificate of the clerk shows that it was published but once in a daily paper. The publication having been made in a daily paper, it should have been continued in each issue thereof for one week. One insertion alone did not meet the requirements of the statute. (*Lawson* v. *Gibson,* 18 Neb. 137; *Hull* v. *Chicago B. & Q. R. Co.,* 21 Neb. 371.) Had the paper in question been published weekly, then one insertion therein, doubtless, would have been sufficient. (*State* v. *Hardy,* 7 Neb. 377.)"

Said Mr. Justice Brewer in *McCurdy* v. *Baker,* 11 Kan. 111, 2d Ed. pp. 93, 94, with reference to publication in a weekly paper: "Is one insertion of the notice in the paper sufficient, or must it be continued through the successive issues of the paper up to the day of the sale? The language is: 'Public notice of the time and place of sale, for at least thirty days before the day of sale, by advertisement in some paper.' The preposition 'for' as used in the language quoted, requires, as it seems to us, an insertion in each successive issue of the paper up to the day of sale, the first one being more than thirty days

prior thereto. In the authority cited by counsel the language was 'at least sixty days,' the preposition 'for' being omitted. The difference is obvious."

Again, in *Whitaker* v. *Beach,* 12 Kan. 492, 2d Ed. 381, with reference to publication in a weekly newspaper "the plaintiff in error seeks to reverse the order of the district court in setting aside the sale. This question was before the court in the case of *McCurdy* v. *Baker* * * * and we see no reason to change the views therein expressed. True our attention was not then called to the case of *Craig* v. *Fox,* 16 Ohio 563, in which a different view of a precisely similar statute seems to have been entertained by two justices of the supreme court of Ohio. No decision was made, however, in that case upon the question; the other two justices apparently concurring with the views expressed by this court. The statute requires public notice 'for at least thirty days before the day of sale' by advertisement, etc. The question turns upon the force of the word 'for' in the language quoted. It seems to us to be nearly equivalent to the word 'during.' Such is a common signification of the word and unless it have that meaning here it is entirely superfluous. If the legislature intended that a single insertion in the paper should be sufficient, they would have expressed this intention much more clearly by omitting 'for' and saying only 'at least thirty days.'"

In *Scott* v. *Paulen,* 15 Kan. 162, 168, 2d Ed. 129, 134, quoting again from the opinion of the court by Mr. Justice Brewer: "The remaining question has little difficulty. The statute requires thirty days' notice of the election. The notice was published in a weekly newspaper, the first publication more than thirty days prior to the election, and in each successive issue to the time of the election. This was sufficient." Citing *McCurdy* v. *Baker* and *Whitaker* v. *Beach, supra.*

In 1887, with Mr. Justice Fornander absent, the four remaining justices of this court were equally divided in opinion as to whether or not publication of a notice of copyright made in every number of a weekly newspaper that was issued during the space of two months was a compliance with a statute requiring publication of the same "in one or more newspapers published in this Kingdom" for that period. See *Thrum* v. *P. C. Advertiser,* 7 Haw. 132. The question discussed by two of the justices in the last cited case of the sufficiency of notice in a weekly publication under such a statute, and the question as to the kind of newspapers and number of insertions required by other statutes differently phrased and each susceptible of its own separate construction, do not now concern us.

For the reasons set forth in cases above cited, we are of the opinion that publication of the call for tenders above referred to in one issue only of a daily newspaper, more than ten days prior to the opening of bids or awarding of contract, does not satisfy the requirements of section 1478, R. L. 1925, that publication of such calls shall be for not less than ten days.

The decision appealed from is sustained.

*Marguerite K. Ashford,* First Deputy Attorney General *(W. B. Lymer,* Attorney General, with her on the briefs), for claimants.

*C. M. Hite (Ulrich & Hite* on the brief) for the auditor.