## STUCKER v. BEAVERS.

No. 18509.   Opinion Filed Dec. 20, 1927.

(Syllabus.)

**Municipal Corporations—Qualifications for Office—Construction of Charter Provision.**

The provision in a city charter requiring its mayor and commissioners to be bona fide electors and freeholders of the city and have paid a property tax for the last two years next preceding their election will be given that interpretation which seems just, fair, and reasonable and arrives at the real intention of the framers of the charter and the people in adopting it.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by Joe M. Stucker against Wallace L. Beavers. Judgment for defendant, and plaintiff brings error. Affirmed.

Dan Huett, A. E. Underwood, and Curran, Sturgis & Hill, for plaintiff in error.

McKeever, Moore & Elam, and Simons, McKnight, Simons & Smith, for defendant in error.

HUNT, J. This is an appeal from the district court of Garfield county. Plaintiff in error was plaintiff and defendant in error was defendant in the court below, and they will be so referred to here. Plaintiff brought this action in the nature of quo warranto to try the title to the office of street commissioner in the city of Enid. Same was submitted in the court below on an agreed statement of facts as follows:

"Now come counsel for plaintiff and defendant in the above entitled cause, and in open court stipulate and agree that the facts to be considered by the court in the trial of said cause are as follows:

"(1) That the city of Enid is a municipal corporation, organized under the laws of the state of Oklahoma, governing cities of the first class, and that said city is now and has been since October, 1909, governed by a charter adopted by the electors of said city, and approved by the Governor of said state as provided by the laws of the state of Oklahoma.

"(2) That the charter of said city fixes the qualifications of persons eligible to and entitled to hold the office of mayor and commissioners by section 1 of art. 2, which is as follows:

"'All powers conferred on the city of Enid shall to the extent provided by this charter and by the general laws of the state, where not especially provided for by this charter, be exercised by a mayor and commissioners, who shall be bona fide electors and freeholders of the city of Enid, and have paid a property tax for the last two years next preceding their election.'

"3. That the general powers of the city of Enid are exercised by a mayor and two commissioners, a water commissioner, and a street commissioner, and that at the election held in said city on the 3rd day of April, 1925, the plaintiff was then qualified, and is now qualified under the provisions of the charter of said city, to hold the office of street commissioner, and at the election held in said city on the 3rd day of April, 1925, the plaintiff was elected street commissioner for a term of two years, and until his successor was duly elected and qualified, and that the plaintiff after his election gave bond, duly qualified, and took charge of office and performed all the duties thereof, until May 2, 1927.

"(4) That on the 2nd day of May, 1927, the defendant excluded the plaintiff from the possession of the office of street commissioner of said city over the plaintiff's protest, the plaintiff claiming the right to hold said office because the defendant was not qualified under the provisions of the charter.

"(5) That at the primary election held in the city of Enid, on the 15th day of March, 1927, the plaintiff and defendant were candidates on the Republican ticket in said primary election for the office of street commissioner, and the defendant received a plurality of votes over the plaintiff and other candidates and received a certificate of nomination and his name was thereafter placed by the election board on the Republican ticket as a Republican candidate for such office, and at the regular election held on the 5th day of April, 1927, he received a plurality of all votes cast and was issued a certificate of election, and on or about the 2nd day of May, 1927, he filed his official bond, which was approved and took oath of office and excluded the plaintiff

from the office, and has ever since exercised the duties of street commissioner for said city.

"(6) That the defendant, prior to the date of filing for the office of street commissioner, had been a bona fide resident of the city of Enid for more than five years, and became a freeholder in said city on February 9, 1927, on which date he received a deed to lot 14, in block 19, in East Park addition to the city of Enid, and became the owner thereof, which deed was made, executed, and filed for record on said date. That said lot had been sold for taxes for the year 1923, and a tax sale certificate issued to Garfield county. That on February 9, 1927, the defendant paid the taxes for the years 1924, 1925, and 1926, on said lot, and paid in addition thereto the full amount required to redeem said lot from the tax sale for the taxes of the year 1923, and did redeem such lot from such tax sale, and was issued a redemption certificate therefor, all of such payments being made to the county treasurer of Garfield county.

"That the defendant was assessed for the years 1925 and 1926, on his household goods, personal property, in the sum of $100, but as the head of the family claimed as exempt the sum of $100, and paid no personal tax thereon; and he did not pay personal tax thereon.

"(7) That during the years 1925 and 1926, the defendant was a resident of the city of Enid, a qualified elector therein, and was such when nominated and elected as aforesaid; that for the years 1925, 1926 and 1927, and prior thereto, the defendant was the owner of an automobile on which he paid the license fee or tax for such years as required by law. The defendant paid no other tax during the time in question except as is stated herein.

"H. J. Sturgis, Dan Huett, A. E. Underwood. Attorneys for Plaintiff.

"McKeever, Moore & Elam, Simons, McKnight, Simons & Smith, Attorneys for Defendant."

Trial was had to the court and judgment rendered for defendant, from which judgment plaintiff prosecutes this appeal. Briefly summarized, plaintiff's contention is that defendant had not paid a property tax for the last two years next preceding his election as required by the charter of the city of Enid, and he is therefore not eligible under said charter to hold the office of street commissioner, and that plaintiff, having been duly elected and qualified as such street commissioner in 1925, holds over, and was therefore wrongfully excluded from said office by defendant. The contention of defendant is that, although he had not be-

come a freeholder until in February immediately preceding his nomination and election, when he purchased the lot described in the agreed statement of facts, that paying delinquent taxes for 1923 and the taxes for 1924, 1925, and 1926 on same constituted paying a property tax for the last two years next preceding his election, and he was therefore eligible under the charter of the city of Enid to hold the office to which he was duly nominated and elected.

Defendant further contends that by reason of owning an automobile during the years 1925, 1926, and 1927 and having paid a license fee or tax on same for said years as required by law, he is also eligible under said charter to hold said office.

The sole question, then, presented by this appeal for our determination is, Did the defendant herein pay a property tax for the last two years next preceding his election in April, 1927, under the admitted facts herein? It is shown by the agreed statement of facts that defendant had in fact paid four years' taxes upon the property he purchased in February, 1927, but plaintiff contends that to be qualified to hold this office under the charter he must have owned property for the period of two years on which he paid taxes.

The clause of the city charter particularly involved herein reads as follows:

"* * * And shall have paid a property tax for the last two years next preceding their election."

Plaintiff argues that the word "year," as herein used, means calendar year, and "for" means "during," and cites Whitaker v. Beach, 12 Kan. 492, and Leach v. Burr, 47 L. Ed. (U. S.) 567, in support of this contention. The opinion in each of these cases was written by Mr. Justice Brewer, the first while a member of the Supreme Court of Kansas, and the latter after he became a member of the Supreme Court of the United States. However, in our judgment, these authorities are not in any way determinative of the questions here presented.

It seems to be agreed by both parties in the briefs filed herein that the purpose of the provision of the charter here under consideration was to limit the holding of these important offices, not only to bona fide electors and freeholders who had resided in the city of Enid for at least two years, but, further, to only those who had shown their interest in the welfare of the city by helping bear its burdens by the payment of a

property tax, and thus having contributed for at least two years to the expenses of the government. If we should adopt plaintiff's reasoning herein, the effect of the holding would be that the candidate must have been a property holder for two years, but the charter does not say that, either inferentially or otherwise. Plaintiff says in the brief filed herein:

"And it was not intended that one might qualify himself on the eve of election by taking the character of the freeholder by the purchase of a vacant lot and paying thereon the delinquent taxes."

The charter provision, however, merely requires the candidate to be a freeholder, and is silent as to when that status needs to be acquired. Since, as above stated, the purpose of this provision, as we construe it, was to require all candidates to pay a property tax, and thus contribute to the expenses of government for at least two years next preceding their election, we are of the opinion that the electors of the city of Enid by the adoption of this provision of their charter merely intended to exclude non-taxpayers from holding these important offices in their city government, and further provided, in order to secure stability and permanence, that they must have paid a tax for at least two years. This seems to us to be a reasonable, just, and fair interpretation of the charter. Defendant had not only contributed to the expenses of the government by paying a property tax for the two years immediately preceding his election, 1925 and 1926, but has likewise paid the taxes on this property for 1923 and 1924. He was, therefore, a freeholder and a property taxpayer and according to the agreed statement of facts a bona fide resident of the city for more than five years, and we are forced to conclude that at the time of his nomination and election, he possessed all the qualifications required by the charter of the city of Enid for said office, and is therefore entitled to hold the same.

Much more could be said in support of the conclusion here reached, but, after a careful analysis of the charter provision here in question, we feel that we have arrived at the real intention of the framers of the charter and of the people of Enid in adopting it, and further elaboration is therefore unnecessary. As hereinbefore stated, the defendant presents two theories as to his eligibility under the charter to hold the office to which he was elected, the determination of either of which in his

favor would necessitate the affirmance of the judgment of the trial court. It does not appear from the record whether the trial court found in favor of the defendant upon only one or both of the theories presented. This, however, is immaterial. In view of the conclusion reached on the first theory presented in the briefs filed herein, the judgment of the trial court must be affirmed, and it therefore becomes wholly unnecessary to a proper determination of this cause to pass upon the other theory advanced by the defendant. The judgment is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, RILEY, and HEFNER, JJ., concur.

Note.—See 43 C. J. p. 623, §1016; p. 626, §1023.