## Funk v. Town of Strathmoor Village.

May 26, 1939.

WOODWARD, DAWSON & HOBSON and FRANKLIN P. HAYS for appellant.

SAMUEL B. KIRBY, JR., for appellee.

Opinion of the Court by Chief Justice Ratliff— Affirming.

Pursuant to the provisions of Section 2741L-1 et seq., Kentucky Statutes, on April 27, 1939, the Board of Trustees of Strathmoor Village, a town of the sixth class, duly passed and adopted an ordinance providing for and authorizing the issuance of $30,000 of sewerage system revenue bonds of the town, to be applied to the construction of a sewerage system for the town, and pro viding for the sale of the bonds to the highest and best bidder. It was provided that the bonds shall bear interest at the rate of 4 per cent per annum, payable semi-annually on the 15th day of November and the 15th day of May in each year, beginning November 15, 1939, and being subject to the right of prior redemption as thereinafter provided in the ordinance, and to mature numerically from the 15th day of May, 1941, to the 15th day of May, 1965, both inclusive.

After advertising the sale of the bonds, the Board of Trustees found that the bonds would carry a high premium, were it not for the call price. The town not being interested in the premium on the bonds, as it would not need more money than the par value, and desiring to obtain the money at the lowest interest rate possible, on May 10 the Board of Trustees enacted a supplemental and amendatory ordinance providing that the original ordinance be amended by striking therefrom the words "shall bear interest at the rate of 4 per cent per annum," and inserting the words "shall bear interest at such a rate as shall be determined by competitive bidding at the time said bonds are sold, but in any event, upon a basis to yield not more than 6 per cent and with a coupon interest rate not to exceed 4 per cent." It was further provided, in substance, that after the bonds were sold to the bidder who bid the lowest rate of interest, another ordinance would be passed adopting that rate of interest and attaching coupons to the bond naming the interest rate accepted in the bid.

The question arose as to the right or legality of the sale of the bonds without naming a definite coupon interest rate in the ordinance authorizing the bonds, and to obtain a declaration of rights of the parties the appellant, Lynn T. Funk, as plaintiff below, brought this suit in the Jefferson Circuit Court under the Declaratory Judgment Act, Civil Code of Practice, Section

639a—1 et seq., alleging that the town was without right and authority to sell said bonds with an open coupon rate of interest without naming a definite rate in the ordinance authorizing the issuance and sale thereof, and prayed that the town be enjoined from selling the bonds in the way and manner proposed by the amendatory ordinance.

By subsequent pleadings the sole issue joined was whether the town had the right to sell the bonds at an open coupon rate of interest as indicated above.

The case was submitted to the chancellor and he entered judgment adjudging that the town had the right to sell the bonds as proposed and that a lawful public sale of the bonds as contemplated under the statutes, supra, and the ordinance, can be held by receiving the bids for such bonds by competitive bidding upon a basis not to yield more than 6 per cent, and that such sale may be had upon bids proposing a coupon interest rate, and that it is not necessary to fix a specific interest rate in the ordinance authorizing the bonds prior to such sale, if such rate is fixed in a subsequent ordinance and the rate selected by such competitive bidding is inserted in the coupons and stated in the bonds before they are delivered. This appeal follows.

In an attempt to sustain appellant's position, the case of Eagle v. City of Corbin, 275 Ky. 808, 122 S. W. (2d) 798, 802, is cited and relied on. In that case it is said, ''It is beyond the power of a municipality to contract to sell or dispose of bonds before they come into existence, or, at least, before they are authorized. Hansard v. Green, 54 Wash. 161, 103 P. 40, 24 L. R. A., N. S., 1273, 132 Am. St. Rep. 1107; 44 C. J. 1214.''

We do not think, however, that the Corbin case, supra, should be construed as prohibiting the sale of bonds by a municipality upon competitive bids upon interest rates. One of the chief authorities relied on in support of the Corbin case is the Hansard-Green case, Wash., supra, cited therein, which was decided in 1909. However, in 1915, the same court (Wash.) decided the case of Schooley v. City of Chehalis, 84 Wash. 667, 147 P. 410, 413, wherein the court said:

''Municipal bonds are ordinarily the subject of competitive sale in the open market. It is common knowledge that such competition is generally made

by the bidder stating the rate of interest, not exceeding that permitted by law or ordinance, at which he will purchase, and it seems to us that a statement that the rate of interest not exceed 6 per cent. gives such an opportunity for competitive bidding as will enable the city to sell the bonds to the best advantage, and that it also meets the demands of the statute.''

In the Corbin case, supra, the court held that a competitive sale of municipal bonds was mandatory, but the question whether or not a coupon interest rate must be set out when the bonds are authorized was not involved nor determined. We may say, however, that if a maximum or limit interest rate was not provided in the ordinance, a different question might be presented, but in the present case the ordinance does fix the maximum interest rate and provides, in substance, that any coupon interest rate not exceeding the rate fixed in the ordinance may be accepted by the town and later fixed by ordinance and the coupon be attached to the principal sum, the bond. Of course, once the coupon interest rate is fixed and attached to a bond, it then becomes a part of the bond, but primarily the bond is the principal sum or debt and the coupon merely evidences the interest to be paid upon the principal sum.

In Luhrs v. City of Phoenix, 33 Ariz. 156, 262 P. 1002, the Supreme Court of Arizona held that an ordinance is not invalid for uncertainty in stating the rate of interest bonds should bear, where the language was ''at the rate of not to exceed five per centum (5%) per annum,'' and bonds sold pursuant to such ordinance bearing interest at 4½ per cent were valid. That opinion cites with approval the Schooley case, Washington, supra. The Kentucky Statutes, Section 2741L-5, requires only that no bonds shall be sold on a basis to yield more than 6 per cent, and Section 2741L-4 provides that they may be issued bearing interest at a rate not exceeding 6 per cent. It is thus seen that the maximum rate of interest only shall be stated in the ordinance, but we find no provision in the statutes or other authorities holding that any particular or fixed rate of interest shall be stated in the ordinance before the bonds are sold.

. We know of no authority prohibiting the sale of the bonds as proposed in the amendatory ordinance, nor do we see wherein it would be violative of any fundamental

principal of law governing the subject. It seems to us that a sale of the bonds by competitive bidding on the interest rate is consistent with economy and sound business financing. It is a class of borrowing and all borrowers of money are interested in obtaining the money at the lowest interest rate possible. The interest on the bonds, like the principal, has to be paid out of the sewerage rentals, and minimizing the interest will leave more money available to apply to the principal and thereby expedite the retirement of the town's indebtedness.

It follows from what has been said that the judgment must be and is affirmed.