## Schumer v. Kenton County et al.

February 20, 1948.

Rodney G. Bryson, Judge.

James E. Quill for appellant.

John A. Kohrman for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

This declaratory judgment action was instituted by appellant, Harry Schumer, as a taxpayer in behalf of himself and all other taxpayers of Kenton County, against the members of the Fiscal Court of that county to test the sufficiency of an order entered by that court providing there should be submitted to the voters of the county the question of whether or not they would approve a bond issue of $400,000 to build and equip a tuberculosis hospital in conformity with KRS 216.020 and KRS 66.040. A general demurrer was sustained to the petition and upon appellant's refusal to plead further it was dismissed and this appeal followed.

The petition avers that the Fiscal Court, acting under KRS 66.040 and KRS 216.020, by "resolution" attempted to submit to the voters of the county at the general election to be held on November 4, 1947, this $400,000 bond issue. An attested copy of the "resolution" taken from the order book of the Fiscal Court is filed with the petition. An examination of this exhibit shows that although there is used the word "resolved," it is not a resolution but an order of the Kenton Fiscal Court duly spread on the order book of that court and signed as required by KRS 67.100 by the County Judge in the presence of the three commissioners composing the Kenton County Fiscal Court. Vanzant v. Watson, County Judge, 230 Ky. 316, 19 S. W. 2d 994. Therefore, we will call this exhibit by its true name, "an order," and not "a resolution" as it is referred to in the petition.

This order shows there was appropriated $400,000 for the erection and outfitting of this hospital and it directs that the sense of the voters of the county be taken on the $400,000 bond issue at the general election to be held Nov. 4, 1947. At the election held on that date the bond issue carried by a vote of 18,312 to 1,182, or approximately by a vote of sixteen to one.

The order provides relative to the issuing of the bonds "that the bonds shall be issued immediately after the election and approved by a court of competent jurisdiction; that they shall bear interest at a rate not to exceed 6% and shall mature within forty years." The petition avers that the Fiscal Court has determined the interest rate shall be 2¼% on the first $200,000 of the bonds and 2½% on the second $200,000; that the bonds will be issued on March 1, 1948, and mature serially over a period of twenty years.

It is insisted by appellant that the requirements of KRS 216.020, that "the order shall provide the date and maturity of the bonds, the rate of interest they shall bear, and the total amount to be issued," is mandatory, and the provisions of the order quoted in the paragraph above do not comply with this statute. Appellees contend that the terms of the statute are not mandatory, but if they are, the resolution substantially complies therewith.

It is the rule in this jurisdiction that the requirements of a statute governing an election for the approval of a bond issue are mandatory. But we have held in numerous cases that a substantial compliance with the terms of the statute is all that is necessary. Central Const. Co. v. Lexington, 162 Ky. 286, 172 S. W. 648; Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Pendley v. Butler County, 229 Ky. 45, 16 S. W. 2d 500. The proposition that the above quoted portion of the order substantially meets the requirements of KRS 216.020 concerning the date, maturity, interest rate and the amount of the bonds needs no argument in support of it —it is self-evident.

It is practically impossible to name in advance of the election the exact date the bonds are to be issued, so the relative term "immediately after the election" used in the order meets the statutory requirement relative to the date of the bonds. Especially is this true in view of the fact that the petition avers that the Fiscal Court has set March 1, 1948, as the date the bonds will be issued.

Likewise, it is not practical to determine in advance of the bids the exact interest rate the bonds are to bear, as practical experience teaches us that interest rates

vary on the same issue, depending upon the dates the several bonds mature. When the resolution named the rate at not exceeding 6% the requirement of the statute was met. Funk v. Town of Strathmoor Village, 278 Ky. 627, 129 S. W. 2d 151.

It is well-known that bonds are often sold to the best advantage when they mature serially, and it is seldom that all bonds of any issue of material size mature on a single given date. Hence, when this order recited that the bonds would mature within forty years, certainly there was a substantial compliance with the terms of KRS 216.020.

The conclusions we have reached are in full accord with the views as expressed by the chancellor in his concise and well-considered written opinion, therefore his judgment is affirmed.