### Powell v. Hambrick.

### Gaines v. Thacker.

(Decided April 27, 1915.)

## Appeals from Scott Circuit Court.

1. Municipal Corporations—Expulsion of Members.—Under Section 3486 of the Kentucky Statutes the votes of three-fourths of the members of the city council are necessary to expel a member.

2. Officers—Usurpation of Office—Person Entitled to Office May Bring Suit for.—Under section 483 of the Civil Code, providing that if a person usurp an office, the person entitled thereto may prevent the usurpation by an ordinary action; a person who is legally entitled to an office may bring a suit for its possession against the person who is wrongfully holding it, although such person may have been elected or appointed by a body that believed it had the authority to elect or appoint him.

B. M. LEE for appellants.

H. C. FORD and BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in each case.

Georgetown is a city of the fourth class, and in 1894 the council adopted an ordinance, yet in force, providing that "if upon investigation by the board of council it be ascertained by it that any officer of the city be directly or indirectly interested, as the agent or principal, in any contract with the city, or as surety on any such contract, it shall declare said office vacant and proceed to fill such vacancies." This ordinance was adopted in conformity with a provision in Section 3484 of the Kentucky Statutes, which is a part of the charter of fourth class cities, reading: "Should any officer of said city be directly or indirectly interested, as agent or principal, in any contract with said city, or as surety on any such contract, he shall thereby vacate his office, and the contract, if entered into before said officer vacates his office, shall be null and void."

In 1913 the appellees, Hambrick and Thacker, were elected members of the council of the city of Georgetown, which was composed of eight members, excluding the mayor. In 1914 the charge was preferred against Thacker that after he became a member of the council he was guilty of the offense of selling to the city certain supplies, and the charge was preferred against Hambrick that after he became a member of the council he entered into a contract with the city to rent or sell to it a street sprinkler. On a trial of these charges before the council the evidence showed that Thacker, after he became a member, had sold to the city some kindling, a broom and a mop, and had collected from the city the price charged therefor, $1.60; that Hambrick, while a member, had proposed to rent or sell to the city a sprinkler, but that his proposition had not been accepted, nor had any contract with him been entered into.

Upon this evidence Thacker was found guilty of violating the statute and ordinance and was expelled from the council by the votes of four of the members, three voting against the expulsion. Thacker not being qualified to vote, four constituted a majority, and this majority acted in the manner stated. After the expulsion of Thacker, the council consisted of seven members, and three of these members expelled Hambrick, two voting against the expulsion. As Hambrick was not quali-

fied to vote, three constituted a majority of the council taking part in this proceeding.

Section 3486 of the Kentucky Statutes, which is a part of the charter of fourth class cities, in speaking of the power of the council, provides, in part, that "Three-fourths of the members voting affirmatively may, for any good cause, expel any member." In view of this statutory provision, it is at once apparent that the action of a bare majority of the council in attempting to expel Thacker and Hambrick was wholly unauthorized and void; and so it is not necessary to further notice the grounds relied on to justify their expulsion.

Section 3552 of the Kentucky Statutes, also a part of the charter of fourth class cities, authorizes the council to fill vacancies in elective offices, including members of the city council, and after Thacker and Hambrick had been expelled in the manner stated, the appellant, John S. Gaines, was elected a member of the council in place of Thacker, and the appellant, W. S. Powell, was elected in place of Hambrick. After the vacancies were thus filled, Hambrick brought suit against Powell, charging, in substance, that Powell was a usurper, unlawfully holding and exercising the office to which he, Hambrick, was entitled, and he asked his ouster therefrom and that he be adjudged entitled to the office. A similar suit for a like purpose was brought by Thacker against Gaines.

When these suits came on for hearing in the circuit court a number of motions and demurrers were made, answers filed and other appropriate steps taken by the respective parties in the prosecution and defense of the suits. The result of the hearing in the circuit court was a judgment deciding that Gaines and Powell were usurpers. They were, therefore, ousted from the offices they claimed to hold, to which Hambrick and Thacker were adjudged entitled.

Several grounds of reversal are urged by counsel for appellants, but inasmuch as the attempted expulsion of Thacker and Hambrick was, for the reasons stated, a nullity, we think the only question that we need to consider is the one raised that Thacker and Hambrick could not obtain the relief granted in the character of actions brought by them.

These actions were brought upon the theory that Powell and Gaines had usurped offices to which Hambrick and Thacker were entitled, and under the authority

of Section 483 of the Civil Code, reading, "If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action."

The argument is made by counsel for appellants that as the city council had the right to fill vacancies, and Gaines and Powell, who had no part whatever in the expulsion of Hambrick and Thacker, were elected by the council to fill the vacancies caused by the expulsion, they were not usurpers. In support of this position the case of Eubank v. Commonwealth, 126 Ky., 348, is relied on. In that case Eubank was indicted by the grand jury of Montgomery County for usurping the office of supervisor of roads. The indictment was found under Section 1364 of the Kentucky Statutes, providing that "if any person shall usurp any office established by the Constitution or laws of this Commonwealth, or shall knowingly hold and pretend to exercise such office, after his election or appointment thereto shall have been declared by a court of competent jurisdiction illegal or void, or after his term of office has constitutionally or legally expired, he shall be guilty of a misdemeanor." In holding that Eubank was not guilty of a violation of this statute the court said that he had been elected to the office by the fiscal court of the county, acting under the mistaken belief on the part of the members of the court that his election was legal and he so believed. So that in taking possession of the office he was not an intentional wrong-doer or a usurper within the meaning of the statute, the court saying that "While his election to the office of supervisor of roads was not legal or valid, he did not seize or hold it by force, nor did he 'intrude himself into it when vacant, or oust the incumbent without any color of title whatever.' " To the same effect is Henry v. Com., 126 Ky., 357.

There is, however, a wide difference between the criminal liability of a person who assumes to discharge the duties of an office to which he has been elected or appointed by persons who believed they had the right to elect or appoint him, although they did not, and his liability to be ousted from the possession of the office in a civil suit by the person who is legally entitled to it. It may be conceded that the members of the council who elected Gaines and Powell believed they had the right to elect them, and it may be conceded that Powell and

Gaines honestly believed they were lawfully entitled to the offices to which they had been so elected. But, as a matter of fact, the council had no power, for the reasons stated, to oust Thacker or Hambrick from the offices to which they were legally elected and no power to put Gaines and Powell in possession of these offices.

The precise question we have then is, did Thacker and Hambrick have a right, under the section of the Code quoted, to bring the suits they did bring against Gaines and Powell to recover from them these offices? We think they did. It seems to us that Section 483 fully authorizes actions such as were brought by Thacker and Hambrick, and that Section 487, providing that "A person adjudged to have usurped an office or franchise shall be deprived thereof by the judgment of the court, and the person adjudged entitled thereto shall be placed in possession thereof," fully authorized the judgment appealed from. The very purpose of these sections of the Code was to afford an expeditious and simple remedy for the ousting from an office of a usurper at the suit of the person entitled to it. The right to bring an action like this was recognized in Wilson v. Tye, 126 Ky., 34, in which it was said: "It is plainly the meaning of the section, *supra,* that one in possession of an office, though he be a usurper, cannot be deprived of it at the suit of another claimant of the same office, unless the latter shows himself entitled thereto." See also Tilman v. Otter, 93 Ky., 600; Stack v. Com., 118 Ky., 481; Wheeler v. Com., 98 Ky., 59; Smith v. Cockran, 7 Bush, 154.

For the reasons stated the judgment in each case is affirmed.