## Seiler v. Dillon, County Clerk, Kenton County, Kentucky, and Reed, County Judge of Kenton County Court.

(Decided March 8, 1921.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations—Elections—Notice.—That part of section 29, chapter 112, Acts 1920, which requires the sheriff or other officer having charge of the election "to have the order published in some weekly or daily newspaper published or circulated in said county for at least two weeks before election, and also to advertise the same by printed or written hand bills posted in conspicuous places in said city for the same length of time" is mandatory and not merely directory and must be substantially complied with or the election will be void.

2. Municipal Corporations—Elections—Notice.—The special election must be advertised both by newspaper and by handbills for the time specified in the act to sustain the election.

3. Injunction—Officers May be Enjoined From Doing Ministerial Act.—An officer, even a judge of a court, may be enjoined from doing a mere ministerial act in the performance of his duties, such as the entry of a copy of a certificate of an election, or result of an election on his order books.

JOHN E. SHEPHERD for appellant.

F. J. HANLON and EDWARD J. TRACEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

On the first day of last September a petition signed by the required number of citizens of the city of Covington, a city of the second class, was filed with the judge of

the Kenton county court, in accordance with provision of section 29, chapter 112 of the acts of the General Assembly, 1920, asking that an election be called in that city on the regular November election day, to take the sense of the voters of said city, on the question, "Shall the city of Covington abandon its organization and government under the provisions of an act to amend an act entitled:

" 'An act for the government of cities of the second class in the Commonwealth of Kentucky, approved March 19, 1894.' "

The judge of the county court entered an order calling the election and the county clerk gave the sheriff of the county a certified copy of the order within five days after the making thereof, as provided in the act, and the sheriff caused the order calling the election to be published for two weeks in a daily newspaper of general circulation published in the city of Covington, as required by the act, but he, failed to advertise the election by printed or written handbills posted in conspicuous places in said city for as much as two weeks before the election, or to begin such advertisement within seven days after receiving copy of the order as required by the act.

This failure to comply with the statutes requiring the election to be advertised by handbills, and because the election was held at the same time a city commissioner was to be and was voted for and elected for a short term, the statute requiring it to be held at a time when no commissioners were to be elected, is relied on as an invalidation of the entire election.

It is also insisted by the appellees that prohibition and injunction are not the proper remedy in this character of case, where the county judge and county clerk are sought to be prevented from entering an order showing the result of an election, which is but the performance of a ministerial duty directed and required of them by statute. This position is not tenable for we have repeatedly held that an officer may be enjoined from doing a purely ministerial act upon proper application and showing. McCreary, Governor v. Williams, 153 Ky. 49; Hutchinson v. Miller, 158 Ky. 368; McCreary, Governor v. Speer, 156 Ky. 783.

It is admitted that the newspaper advertising was done in accordance with the requirements of the statutes, and on the other hand it is denied that the handbills advertising the election were posted two weeks before the

election, but were posted for only about ten days, not within seven days after the certified copy of the order calling the election was delivered to the sheriff whose duty it was to cause the handbills to be printed and posted.

On these uncontroverted facts we are asked to hold the election invalid and to enjoin the defendants from certifying and entering the results of the election on the order books.

It is insisted, however, by counsel for appellees that as there was full compliance with the newspaper advertising and a partial compliance with the handbill requirement, and the further fact that individuals and organizations gave great publicity to the election by causing bills to be posted containing the order calling the election, and the additional fact that a very large vote was cast, there was a substantial compliance with the requirements of the statutes and the election should therefore be upheld.

This was a special election called for a special purpose. The rule with respect to following the provisions of the statutes requiring the advertisement of general elections is very different from the rule which governs advertisment of special elections.

The statute under consideration, in so far as it relates to advertising reads as follows:

"Shall be the duty of said sheriff or such other officer, to have such order published in some weekly or daily newspaper, published or circulated in said county, for at least two weeks before the election, and also to advertise the same by printed or written handbills posted in conspicuous places in said city, for the same length of time."

"The sheriff or such other officer shall have the advertisements and notices herein provided for, posted as herein required, within seven days after he receives the orders of the county court."

Judge Cooley in his work on Constitutional Limitations states the distinction as follows:

"Where, however, both the time and the place of an election are prescribed by law, every voter has the right to take notice of the law, and deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it is to give notice of the election has failed in that duty. The notice to be thus given is only additional to that which the statue iself gives, and is prescribed for the purpose of greater publicity, but the right

to hold the election comes from the statute, and not from the official notice. It has, therefore, been frequently held that when a vacancy exists in an office which the law requires shall be filed at the next general election, the time and place of which are fixed, and that notice of the general election shall also specify the vacancy to be filled an election at that time and place to fill the vacancy will be valid, notwithstanding the notice is not given.''

In the case of Hatfield v. City of Covington, 177 Ky. 124, we had before us a statute which reads:

''Shall be published for a least two weeks just preceding the election, in the official newspaper, in and for said city.''

In holding the election invalid because the requirements of the statute that the election be advertised for at least two weeks was not fully complied with, we said:

''The ordinance calling the election was enacted by the board of commissioners of the city of Covington, on September 21, 1916, and was published in the Kentucky Post, the official newspaper for the city of Covington, on September 25th, October 23rd, 24th, 25th, 26th, 27th, 28th, 30th, 31st and November 1st and 2nd, 1916. The Kentucky Post is published daily in the city of Covington.

''Eliminating the first publication of September 25th, 1916, as immaterial in the consideration of this question because that day is not embraced within the two weeks named in the statute, it will be observed that the first publication was on Monday, October 23rd, and that the ordinance was published throughout that week ending with Saturday, October 28th. It was likewise published on Monday, Tuesday, Wednesday and Thursday, November 2nd, of the ensuing week, but was not published on Friday, November 3rd, or Saturday, November 4th, of that week, or at a subsequent time. The election was held on the following Tuesday, November 7th.''

The opinion in the Hatfield case, *supra,* was based in part upon the opinion in the case of Central Construction Co. v. City of Lexington, 162 Ky. 286. In the Lexington case, which was a bond issue election had under section 3069, Kentucky Statutes, the advertising was for ten days, when it should have been for two weeks, we held the bond issue invalid, saying:

''The cases in other jurisdictions relied on by appellee's counsel as sustaining the sufficiency of the notice given of the election here involved, are based upon stat-

utes unlike that of this state, or attempted to be support-
ed by reasoning we think it unwise to adopt.  The provi-
sion of the act, *supra,* as to the publication of notice· of
the election is clearly mandatory; therefore, it will not do
to say that anything short of a substantial compliance
therewith will suffice; and, obviously, such a failure to
obey its requirements as is here shown, must be regarded
as fatal to the validity of the bonds issued by the appellee
city pursuant to the election.''

In the case of McCreary v. Speer, 156 Ky. 783, an
agreed statement of fact showed that the election on the
constitutional amendment was only advertised for sixty
days, whereas the statute directed that the advertising
should be for ninety days and we said:

''But we do not see that the publication for sixty days
can be said to be a substantial compliance with the re-
quirement that the publication shall be made for ninety
days.  The Constitution requires the publication to be
made by the Secretary of State, an officer created by the
Constitution; publication made by private persons can
not take the place of the publication required by the Con-
stitution, and we can not assent to the conclusion that the
notices in the newspaper calling the attention to the fail-
ure of the Secretary of State to make the publication re-
quired by the Constitution, can take the place of the pub-
lication by him; for while this may have drawn public at-
tention sharply to the matter, many persons when they
learned that the required publication had not been made,
may have thought that the constitutional amendment
could not legally be voted on at an election.''

A very similar question to the one here involved was
considered by this court in the case of City of Newport v.
Glazier, 175 Ky. 609.  There we said:

''Subsection 25, *supra,* provides in express terms that
the board of commissioners, shall cause the proposed or-
dinance or ordinances, or the ordinance and amendment,
as the case may be, to be printed once in the official news-
paper of the city, and in such other newspaper as the
board of commissioners may direct, before such election.
It is admitted that the ordinance in question was not pub-
lished as required by the statute, but insisted that the cir-
culation of the referendum petition among the voters of
the city, considered in connection with the large vote in
favor of the ordinance, gave it sufficient publicity to jus-
tify us in upholding the election.  The purpose of the

publication is to inform the voters of the terms and provisions of the proposed ordinance in order that they may vote intelligently on the question. To accomplish this purpose the legislature deemed it wise to afford every voter an opportunity to have a printed copy of the ordinance before him. The importance of following the statute is well illustrated in this case. The ordinance in question contains numerous provisions, some of which, to say the least, are of an unusual character. No voter could comprehend and appreciate the effect of these provisions unless he read them over and examined them with great care. For these reasons the courts generally hold that ordinances which are to take effect on a vote of the people, or which provide for an issue of bonds to be submitted to a vote of the people, must be published in the manner provided by statute, and that mere publicity, which has no legislative basis, is not sufficient to take the place of such publication. We, therefore, conclude that the provisions of the statute with reference to publication is mandatory and that an election held in the absence of such publication is invalid.''

. The court's latest adherence to this rule will be found in the opinion in the case of Gollar v. City of Louisville, 187 Ky. 448, from which we quote:

''In the construction of statutes, where the provisions as to the publication are obligatory, for instance, where the verb 'shall' is employed, as 'such ordinance shall be published,' etc., we have held this to be mandatory, and nothing short of a substantial compliance will satisfy the statute. Bybee v. Smith, 61 S. W. 15, 22 Ky. L. R. 1684; Central City Construction Co. v. City of Lexington, 162 Ky. 286, 172 S. W. 648; City of Newport v. Glazier, 175 Ky. 608, 194 S. W. 771; Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535. A like conclusion was reached in McCreary v. Speer, 156 Ky. 783, 162 S. W. 99, in which it was held that section 256 of the Constitution as to the publication of proposed amendments to that document was mandatory.''

In the Lexington case, *supra,* the advertisement was required by statute, section 3069, to be published in a newspaper for at least two weeks just preceding the election, and it was actually published ten days, but it was held insufficient. The requirements as to advertising in the Hatfield case, *supra,* were the same as in the Lexing-

ton case, and the election was actually advertised for eleven days, but this was not sufficient to uphold the election. In the McCreary v. Speer case, *supra,* the official advertising was for sixty days, when it should have been for ninety days, but in addition thereto the newspapers on their own account gave great publicity to the election on the constitutional amendment by commenting on the failure of the Secretary of State to publish the notice for ninety days, but all this was held insufficient even in face of the further fact that the voters in large numbers voted on the question at the election.

In each of the foregoing cases as well as in Newport case and Gallar case, *supra,* we held the statute mandatory in its provisions for advertising the election. Following and applying that often repeated rule we must hold in this case that the statute requiring the special election to be advertised both in a newspaper and by printed or written handbills posted at conspicuous places in the city for at least two weeks before the election, mandatory and not merely directory, and the failure to follow the statute was a fatal error invalidating the election.

This rule does not apply, however, to that part of the statute under consideration which provides that the advertising shall be commenced by the sheriff within seven days after the order of the county court is delivered to him, for if there remain as much as two weeks before the election, in which the advertising may be done, the failure to commence it within seven days after delivery of the order to him is not fatal, if the election is properly advertised for such time. This much of the statute being merely directory. Lancaster v. Hamon, 153 Ky. 687.

The injunction granted by the lower court and later dissolved by that court is therefore reinstated and made permanent in accordance with the prayer of the petition, staying the county judge and county clerk of Kenton county from entering upon the order books of the Kenton county court the certificate of election evidencing the result of the election on the question of the change in form of government for the city of Covington, and from making or entering any order validating said election.

Judgment reversed.