## Katterjohn, Mayor, et al. v. Kelly.

(Decided April 19, 1921.)

### Appeal from McCracken Circuit Court.

Municipal Corporations—Election on Question of Bond Issue—How Held.—A special election called by a city of the second class to take the sense of the voters of the city on a proposed bond issue for public improvement must be advertised in the way and manner and for the time required by statute, section 3069, and if not so advertised is invalid and the bond issue may be enjoined at the suit of a citizen and taxpayer.

ROSCOE REED for appellant.

A. E. BOYD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In September, 1919, the board of commissioners of the city of Paducah passed an ordinance calling a special election for the purpose of submitting to the qualified

voters of said city the question of said city issuing bonds in the amount of $250,000, the proceeds to be used in the construction of a sewer system in a designated portion of said city, and November 4, the general election day, was fixed as the day on which said special election to vote on said bond issue should be held. An election was held pursuant to said ordinance and section 3069, Kentucky Statutes, resulting in a majority of more than two-thirds in favor of the bond issue.

At a subsequent meeting of the board of commissioners an ordinance was passed sub-dividing sewer district No. 3 in the city of Paducah into sections A, B and C and directing where and what sewers should be constructed with the money raised from said bond issue. This action was brought by appellee Kelly as a citizen and taxpayer against the mayor and board of commissioners of the city and the said city to enjoin them from (1) selling the bonds so voted and proposed to be issued by the city, or (2) if that could not be done then to enjoin said officials and city from expending all said money on the construction of the sewer line in sub-division A of sewer district No. 3 of said city as proposed by the ordinance, it being conceded that the said sum of $250,000 arising from a sale of bonds would be sufficient to build only a part of the main line of the proposed sewer through sub-division A of district No. 3. On final hearing the trial court entered an order enjoining said officials and city from selling or using the proceeds derived from a sale of the $250,-000 worth of bonds voted by the citizens of Paducah, except for the purpose of constructing and maintaining a main line sanitary sewer in and through sub-divisions A, B and C in sewer district No. 3, and enjoining and restraining said defendants from expending all the proceeds of the bond issue in sub-division A of said sewer district, as proposed by the ordinance.

From this judgment the city and its officials appeal to this court.

Appellee Kelly insists that the bond issue is invalid because no sufficient advertisement of the special election upon which it rests was had. A city of the second class such as Paducah can only create a bonded indebtedness such as the one under consideration by a vote of the people of such city. The statute, section 3069, which is a part of the charter of the cities of this class, provides in part:

"The general council shall not expend any money in excess of the amount annually levied, collected or appropriated for any special object: Provided, if, in any year, the general council shall deem it necessary to incur any indebtedness, the payment of which can not be met without exceeding the income and revenue provided for the city for that particular year, it shall, by ordinance, order an election by the qualified electors of the city to be held, to determine whether such indebtedness shall be incurred. Such ordinance shall specify the amount of indebtedness proposed to be incurred, the purpose or purposes of the same, and the amount of money necessary to be raised annually by taxation for an interest and sinking fund, as herein provided."

Before such an election can be had the city must pass the necessary ordinance. This ordinance must be published for at least two weeks just before the election in the official newspaper in and for such city if there be an official newspaper. On this subject the same statute reads:

"Such ordinance shall be published for at least two weeks just preceding the election in the official newspaper in and for such city, or by posting written or printed copies thereof at three or more public places in such city, if there be no such official newspaper."

It is admitted that the Paducah Daily News Democrat, a newspaper then and now published in said city, was at the time of the attempted publication of the ordinance the official newspaper of said municipality. It was a daily newspaper.

It is averred in the petition in this case and not denied that the ordinance calling the special election to vote on the $250,000 bond issue now in contest was published in the said Paducah Daily News Democrat on October 21, 22, 23, 24, 25, 28, 29, 30, 31, and November 1, 1919, and on no other days or dates, and that the special election came on November 4th, 1919, which was Tuesday the regular election day. It will thus be seen that the ordinance was published only ten times and not "for at least two weeks just preceeding the election" as required by the statute. This statute has been held mandatory by this court in more than one case, Seiler v. Reed, 190 Ky. 779, and cases therein cited.

The publication of the ordinance for 10 days was not a substantial compliance with the statute and the special

election must be held invalid. In the case of Hatfield v. City of Covington, 177 Ky. 124, we held a special election invalid because the advertising required by the statute was not done as directed, saying:

"It will be noticed, however, that section 3069 of the Kentucky Statutes now under consideration requires the notice to be published 'for' at least two weeks; that those two weeks must just precede the election; and that notices must be published in the official newspaper of the city. These specifications clearly take cases arising under section 3069 out of the general rule above referred to, which holds that, ordinarily, a single insertion of the notice will satisfy a statute which simply requires the notice to be published a given number of days. . . . But in the case at bar the statute goes further and requires much more than is usually required in the way of publication. It requires that the notice shall be published (1) 'for at least two weeks;' (2) that this period of publication must be two weeks just preceding the election; and (3) it must be in the official newspaper selected by the city. As heretofore shown these provisions are mandatory and must be substantially complied with; they can not be ignored. . . . Our conclusion is, that the statute calls for a continuous publication of the notice in every issue of the official newspaper published during the prescribed period, except those published on Sunday."

As no bonded indebtedness could be created by the city without a submission of the question to the voters of the city, and as such an election could only be held after due advertisement as set forth in the statute, and the advertising was insufficient in that it was not a substantial compliance with the statute, the bond issue based thereon is and must be held and declared illegal and void. A citizen taxpayer is such an interested party as may by proper and timely proceedings in equity enjoin a municipality and its officials from issuing or attempting to issue, and from selling or offering to sell any and all such bonds. It follows, therefore, that the judgment must be reversed with directions to enter in lieu thereof a judgment enjoining the city of Paducah and its said officials and each and all of them, parties hereto, from issuing or offering to sell said bonds or any part thereof.

Judgment reversed.