## Harrison v. Jackson County Fiscal Court.

(Decided December 15, 1922.)

### Appeal from Jackson Circuit Court.

Counties—Action to Prevent Sale of Bonds for Improvement of Highways—Advertisement.—The prayer of a taxpayer and citizen for an injunction against the fiscal court to prevent it from issuing and selling bonds for the improvement of public highways and bridges, will be denied where the only ground relied upon is the failure of the county authorities to properly advertise the election for the bonds, and it is shown that the election was advertised thirty days next before the day thereof by printed handbills posted in not less than four public places in each voting precinct in the county and at the courthouse door but was not advertised in a newspaper because there was no newspaper published in the county and no newspaper published out of the county which had a general circulation in the county where the election was held.

A. W. BAKER for appellant.

J. J. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Jackson county, at a special election held on December 23, 1919, voted a bond issue of $125,000.00, to be used for the purpose of building, constructing and reconstructing public roads and bridges in said county, and this action was instituted in the Jackson circuit court by appellant, Harrison, a citizen and taxpayer of the county, against the county judge and members of the fiscal court, as such court, to obtain an injunction against appellees, then defendants, restraining them as the fiscal court of Jackson county from issuing or selling said bonds, or any part thereof, for the purposes aforesaid, or for any purpose whatsoever on the ground that the election at which the bonds were voted was irregular

and void. The petition for plaintiff sets forth the steps taken in calling and holding the election, and the answer admits all of these facts except it denies the averment made in the petition that the election was not advertised as required by section 4307, Kentucky Statutes, which reads in part: "Before the bonds authorized under this act shall be issued, the county court of the county, upon the petition of one hundred and fifty legal voters who are freeholders of the county, shall at the regular term thereof, after receiving said petition, make an order on his order book directing an election to be held in said county on some day named in said petition not earlier than sixty days after said application is lodged with the judge of said court, which order shall direct the sheriff of the county to advertise said election and the objects thereof for at least thirty days next before the day thereof in some newspaper having the largest circulation in the county and also by printed handbills posted up at not less than four public places in each voting precinct in the county and at the courthouse door."

Appellant insists and in his petition admits that the election was advertised for more than thirty days before the day thereof, by printed handbills posted up at not less than four public places in each voting precinct in the county and at the courthouse door, but denies that the election was advertised for thirty days or more previous to the voting in "some newspaper having the largest circulation in the county." Appellees also admit this, but by their answer they say that there was not then and has never been a newspaper published in the county of Jackson, and that there is no newspaper of general or common circulation in Jackson county, nor any paper published on the outside of Jackson county that is generally read in that county and this is admitted by appellant. In view of these facts appellees insist that the election was advertised in the only way and by the only means which were available in that county at that time, and that the public generally knew of the election and participated therein; that no special election was ever advertised in Jackson county by newspaper. Hence they say to require such an election to be advertised by newspaper in Jackson county would be an impossibility and that the law never requires the performance of an impossible undertaking. There is much reason in this argument and we incline to that view, for to require a newspaper advertising in a county like Jack-

son, where no newspaper is published or generally circulated, would operate to deprive the citizenship of improved roads. That is to say, it would deny good roads to such county by making such improvement depend upon the publication of a newspaper in that county.

As the election was properly and regularly called and thoroughly advertised by the only means at hand, and the bond issue carried by an overwhelming vote of the people, we perceive no reason why the judgment of the lower court should be disturbed.

Judgment affirmed.