### Goin, et al. v. Smith, Mayor, et al.

(Decided March 21, 1924.)

### Appeal from Franklin Circuit Court.

1. Municipal Corporations—Election on Question of Adopting Commission Form of Government Void where Not Advertised.—Where submission of the question of adopting the commission form of government was not advertised as is mandatorily required by Ky. Stats., section 3480b-3, the election was void, and there was no such office as city commissioner, and persons elected to that office were not elected to any office, and were not entitled to discharge any official functions in city affairs.

2. Municipal Corporations—Statutes Regarding Actions for Usurpation of Office Held Inapplicable to Suit to Restrain Acts by Persons Not Elected to an Existing Office.—Where election on question of adopting commission form of government was void because not advertised as required by Ky. Stats., section 3480b-3, and hence there was no such office as city commissioner, the mayor and administrative officers appointed by him could maintain an action to restrain persons elected as commissioners from assuming the management of city affairs; Civil Code of Practice, sections 480, 483, 487, not applying, since they contemplate the existence of an office to be usurped.

3. Municipal Corporations—Persons Elected to Nonexistent Office Held Not Even De Facto Officers.—Where submission of question of adopting commission form of government was not advertised as required by Ky. Stats., section 3480b-3, and the election was therefore void, persons subsequently elected as commissioners were not even de facto officers when never inducted into office.

4. Injunction—Person in Possession of Office May Prevent Interference Therewith by Injunction.—A person rightfully in the possession of an office may prevent by injunction any one from wrongfully molesting or interfering with him in the discharge of any of his official duties.

5. Municipal Corporations—Officers Held Not Guilty of Laches in Not Restraining Interference with Possession of Office.—Officers in possession of their offices were not guilty of laches and thereby estopped from maintaining an action to restrain interference with their duties by persons elected as city commissioners after a void election for adoption of commission form of government; the action being instituted as soon as possession was disturbed.

FRANK DAILEY and JOHN D. CARROLL for appellants.

MORRIS & JONES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

At the regular election in November, 1921, a majority of the voters voting on a proposition to adopt the commission form of government in Frankfort, voted in the affirmative. Upon the assumption that that election was valid, appellants, Goin and Hulette, were elected city commissioners at the November, 1923, election, to succeed councilmen whose terms of office expired January 7, 1924, in the management of city affairs. Goin and Hulette were preparing to qualify as city commissioners, and as such to assume the management of city affairs, when this action to enjoin them from so doing was instituted by the mayor, administrative officers appointed by him, and a resident taxpayer.

The lower court, having decided that the plaintiffs could maintain the action and that defendants were not entitled to office, granted the injunction, and defendants have appealed.

It is agreed that the submission at the November, 1921, election of the question of adopting the commission form of government, was not advertised as was mandatorily required by section 3480b-3 of the statutes. It follows not only that the election was void (Seiler v. Dillon, 190 Ky. 779, 228 S. W. 688), but also that there was no such office as city .commissioner of Frankfort, and appellants were not elected to any office or entitled to discharge any official functions in city affairs.

It is earnestly insisted, however, that notwithstanding defendants had no right to manage the affairs as city commissioners or otherwise, plaintiffs could not maintain an action to prevent them from so doing because of chapter 13 (sections 480-488 of the Civil Code), the pertinent sections of which read as follows:

> "480. In lieu of the writs of *scire facias* and *quo warranto,* or of an information in the nature of a *quo warranto*, ordinary actions may be brought to vacate or repeal charters, and to prevent the usurpation of an office or franchise."

> "483. If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action."

> "487. A person adjudged to have usurped an office or franchise shall be deprived thereof by the judgment of the court, and the person adjudged entitled thereto shall be placed in possession thereof; but no one shall be adjudged entitled thereto, unless the action be instituted by him. And the court shall have power to enforce its judgment by causing the books and papers, and all other things pertaining to the office or franchise, to be surrendered by the usurper; and by preventing him from further exercising or using the same; and may enforce its orders by fine and imprisonment until obeyed."

Reading these sections together, it is apparent that they contemplate not only the existence of an office to be usurped, but that has actually been usurped and is being administered by one not entitled thereto. The one conceivable reason for confining the right of action to the person entitled to the usurped office or the Commonwealth is that the orderly administration of public affairs, by

even a *de facto* officer, may not be halted or hindered by any one except those directly interested in the office itself.  In other words, the sole purpose of this common law action is to provide a means for ousting one wrongfully in the possession of an office.  We expressly so held in Powell v. Hambrich, 164 Ky. 340, 175 S. W. 633, saying:

> "The very purpose of these sections of the Code was to afford an expeditious and simple remedy for the ousting from an office of a usurper at the suit of the person entitled to it."

Not only so, in every one of the many cases in which these sections of the Code have been held applicable there was an actual usurpation of an office by one not entitled thereto.  In other words, public affairs were being administered by a *de facto* officer who these sections provide can be ousted only by the person entitled thereto or the Commonwealth.  So, even if we assume appellants had such color of right as would have made them *de facto* city officials if once inducted into office, it is certainly clear that they were neither *de facto* officers, never having been inducted into office, nor entitled thereto.

It is therefore clear, both from the language of these Code provisions and the evident legislative purpose of their enactment, that they have no application whatever to a case like this, where claimants have not become *de facto* officers but are attempting to get possession of an office to which they are not entitled.

No satisfactory reason can be imagined why a suit to prevent them from so doing should be restricted to the person entitled thereto or the Commonwealth, such as exists with reference to a *de facto* officer.

The very fact that one with color but without right to an office may validly levy, collect, and expend public revenues if permitted to take possession of the office, would seem to demand that any citizen, for his own protection, ought to be permitted to prevent such usurpation at any time before its accomplishment.

But, however that may be, the rule is thoroughly established in this state that a person, rightfully in the possession of an office, may prevent by injunction any one from wrongfully molesting or interfering with him in the discharge of any of his official duties.  Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855; Hollar v. Cornett, 144 Ky. 420, 138 S. W. 298; Hutchinson v. Miller, 158 Ky. 363, 164 S. W. 961.

The analogy between the last named case and this one, in so far as the mayor is concerned, is complete. There an election for the adoption of the commission form of government by a county was void, and we held that commissioners elected pursuant thereto could be enjoined by justices of the peace from usurping some of the functions of their offices, even though there was no attempt to oust them from office. So here, while appellants are not threatening to and cannot oust the mayor from office, they will oust him of many of his official duties if permitted to qualify and act as city commissioners, such as the selection and appointment of members of the fire and police departments, and many other administrative officials.

These two remedies, entirely different in nature, are complementary and not antagonistic. Both are designed to protect the management of public affairs by protecting those in possession of public offices, and actually discharging the duties appertaining thereto, from interference by any one not having better right to same. The one, at common law, like its common law predecessors, is designed solely to oust a usurper and must be brought by the person entitled to the office, or the Commonwealth. The other, in equity, is available to the party rightfully in possession of an office, to prevent wrongful interference by any person with the discharge of his official duties.

Hence, the mayor, rightfully in office, had the right to prosecute this action to prevent defendants from interfering with his discharge of his duties as such.

So, too, the other city officials, parties plaintiff hereto, could maintain this action to prevent defendants from interfering with the discharge of the duties of their offices, of which they were rightfully possessed.

The court, therefore, did not err in overruling the special demurrer to the petition.

The only remaining question is whether the plaintiffs were guilty of laches and thereby estopped from maintaining this action, in not sooner contesting the validity of the election for the adoption of the commission form of government. That one is not guilty of laches or estopped from protecting his possession of an office to which he is entitled, simply because he might have acted sooner, when he did act before his possession was disturbed, seems too plain to us to permit of serious discussion.

Wherefore the judgment is affirmed.

The whole court sitting.