## Pendley v. Butler County Fiscal Court et al.

(Decided April 19, 1929.)

JAMES R. HINES for appellant.

A. J. BRATCHER, W. A. MOORE and W. C. BARROW for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Under the provisions of section 4307 of the 1922 edition of Carroll's Kentucky Statutes, a special election was duly called and held throughout Butler county on the regular November election day in 1928, to take the sense of the voters in that county as to whether its fiscal court should issue the county's bonds to the amount of $150,000 for the purpose of building roads and bridges. The proposition carried by the requisite number of votes cast in that election, and this equity action was filed by

appellant and plaintiff below, W. A. Pendley, a resident taxpayer of the county, for himself and other taxpayers therein, against appellees and defendants below, the fiscal court of the county and its members, to enjoin them from issuing the proposed bonds, or from in any manner attempting to carry into execution the mandate of the election. A number of facts are stated in the petition as grounds for the injunctive relief sought, but they were all disproven and abandoned at the trial, and on this appeal, except the one that the time of the election was not advertised in the newspapers published in the county for as much as *thirty* days "next before the day" of the election, as is expressly required by the language of the section, supra, under which the election was called and held; but that, instead thereof, the first newspaper publication or notice of the election was on October 11, 1928, and which was only 27 days next preceding the election. The advertisement of the election by posted *notices* or by *handbills* was duly complied with as required by the statute. The trial court held that, under the undisputed facts as we have stated, there had been a "substantial compliance" with the provisions of the statute, and dismissed the petition, and to reverse that judgment plaintiff prosecutes this appeal.

It will be observed that the power and authority of the fiscal court of Butler county to create the debt to the extent of the proposed bonds does not exist, unless conferred upon it by the election, and which latter in turn is provided for by the section of the statute, supra. A vote in favor of the bond issue places an additional burden upon the taxpayers of the county, and constitutes a mandate to its fiscal authorities to levy an additional tax, within legal limits, upon the taxable property within the county with which to pay the interest and create a sinking fund for the final redemption of the bonds. It is essential, therefore, that before the additional burden may be imposed by an election under the statute its terms and provisions should be at least substantially complied with, and which seems, without exception, to be the universally declared rule. We have so held under similar statutes providing for special elections, and couched in substantially the same terms as is the one under consideration, in the cases of Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782; Seiler v. Dillon, 190 Ky. 779, 228 S. W. 688; Bryant v. Lang, 197 Ky. 480, 247 S. W. 756, and Goin v. Smith, 202 Ky. 486, 260 S. W. 10.

In the Gratzer case the sufficiency of the publication of notice for the changing of the location of a public road was involved, while the other three involved the sufficiency of the notice for a municipal election adopting the commission form of government in lieu of the councilmanic form of government, the statutes therein involved requiring such elections to be advertised and published in the manner indicated therein "for at least two weeks" preceding the election. The required newspaper publications were made, but not for the length of time specified in the statute "at least two weeks" preceding the election, and for that reason alone the election in each of those cases was declared invalid.

The cases of Central Construction Co. v. City of Lexington, 162 Ky. 286, 172 S. W. 648; Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535; Katterjohn v. Kelly, 191 Ky. 238, 230 S. W. 50, and Harrison v. Jackson County Fiscal Court, 197 Ky. 57, 245 S. W. 848, involved the validity of elections under statutory provisions for the incurring of bonded indebtedness of counties and municipalities and in all of them it was held by this court that the *minimum time* prescribed by the statute for the advertisement of the election was mandatory, and that unless it was complied with the election was invalid, regardless of the existence of facts as to other means of notifying the electors of the election, and in at least some of them, where the question was presented, it was also held that where the statute requires the prescribed notice to be given by posted handbills, *and* publication in some newspaper within the county or municipality, both of the methods must be resorted to in order to make the election valid.

In the Jackson case no newspaper was printed in the county and under such circumstances we held that a newspaper notification was impossible and that the election would be valid without it, the other requirements of the statute as to methods of notice having been complied with. In the Billington case the first newspaper publication of the election, involving the same section of the statute as is here involved, appeared more than 30 days (34) next before the election, and it was repeated in each weekly publication of the paper except the last one immediately preceding the election, and which was the issue appearing on the day before the election. In that case we held that there was a substantial compliance with the requirements of the statute as to newspaper publication,

since the first appearance of the notice by such publication was "at least thirty days" immediately preceding the day of the election, and that the time intervening between the last publication in the weekly newspaper and the day of the election made a period of more than 30 days next before the election in which the notice appeared, and in the only issues of the paper that could reasonably serve to notify the voters on the day of the election.

Compare, also, the recent case of Davidson v. Board of Education, 225 Ky. 165, 7 S. W. (2d) 1056, the superior court opinion in the case of Mays v. Slemmons, 14 Ky. Law Rep. 660, and Stuessy v. City of Louisville, 156 Ky. 523, 161 S. W. 564. In the latter opinion, and others referred to therein, as well as in the Slemmons one, it was recognized that a special election, *required* by the Constitution, or the statute authorizing it, to be held on a *regular* election day, need not be advertised, since the law authorizing it fixed the time for its holding; but that rule does not prevail in a special election, although actually held on the same day of a regular election, where the statute authorizing the special election requires the giving of a specified notice, and does not require it to be held on a regular election day. We have been unable to find any foreign case or text authority contrary to the views expressed in our foregoing opinions, and it is conceded by counsel for defendants that the mandatory requirement of at least 30 days' published notice of the holding of the election in a newspaper published in the county, if one is so published, is mandatory; but they contend that such publication in this case (for only 27 days next before the holding of the election) was a substantial compliance with the mandatory requirement, and that, since we have adopted the "substantial compliance" rule, the election involved herein was legally held, and the judgment so determining should be affirmed.

We cannot agree with that contention, nor is it sustained by the cases, supra, or any opinion from this court that we or the industry of counsel have been able to find. The cases wherein it was held that the requirements of the statute were substantially complied with were cases dealing with only the manner of compliance with the specific directions of the statute relating to notice, such as the contents of the notice, or the size of the required posted handbills, or the continuous newspaper publication of the notice throughout the specified

minimum period immediately preceding the election, and other similar duties not affecting the minimum *time* required by the statute for the notice to be given. To illustrate: If, as is sometimes done, the statute requires the handbill publications to be of certain dimensions, a slight departure therefrom would not be given the effect of invalidating the election, if the notices were large enough to effectually serve the purpose that they were intended to accomplish.

Another illustration of "substantial compliance" is found in the case of Troutman v. Hays, 101 S. W. 976, 31 Ky. Law Rep. 204. That case involved a similar election to the one now under consideration, but the sheriff, in preparing the published notice of the election, did not adopt and publish the usual separately prepared one in such cases, but procured a copy of the order of the county court calling the election, and headed it with the words, "Official Notice," and then signed his name thereto as sheriff of the county. In upholding the sufficiency of that notice we said: "This paper clearly apprised any one who read it that an election would be held, and the purpose of it. While it was informal, it was for all substantial purposes sufficient." The published order, of course, designated the day upon which the election would be held, and its publication by the sheriff, though informal, and not in strict compliance with the statute, was held by this court to be a substantial compliance therewith, since the entire purpose of notice by the sheriff was completely fulfilled by the publication of the order calling the election, and which the sheriff signed in his official capacity.

Supporting the foregoing conclusions that the required publication of notice of such elections for a less period preceding the election than the minimum one required by the statute is not a "substantial" compliance with it is the case of Leonard v. Jaffray, 175 Cal. 371, 165 P. 956, involving the requisite notice to be given of the sale of property to enforce a tax lien. The statute of that state required that the sale in such cases should be published in a newspaper for at least three successive weeks, and also posted by handbills as prescribed therein. The city of Los Angeles, without charter right so to do, attempted to prescribe by ordinance that such sales should be advertised "for at least ten days in a daily paper," and the notice of sale involved in that case complied with the requirements of the ordinance, but not with

those of the statute. The advertisement and all of the proceedings for the collection of the tax were in other respects in strict compliance with the statutory requirements, but the notice of the sale, though complying with the ordinance, but not with the statute, was held invalid, the court saying: "Nor may it be justly said that the publication of the notice for ten days is a 'substantial' compliance with the charter and the incorporated sections of the Political Code. The length of the time during which a notice must be given is quite as substantial as the requirement that notice must be given at all."

But, independently of any of the foregoing, and viewing this case from the general principles and analogies of the law, we find ourselves unable to adopt the conclusion of the learned trial judge who rendered the judgment appealed from. To begin with, the requirement that such elections shall be advertised for a *minimum time* is universally held to be mandatory, and no time short of that minimum period could possibly be considered as a substantial compliance with the statutory provision in that regard. The purpose of it is to give those who are to participate in the election, and who are to be shouldered with the burdens of additional taxation, if the indebtedness is indorsed at the election, at least the minimum notice of the time and place and purpose of the election, and we know of no facts, nor have we been cited to, or found, any case that would sustain the advertisement for a shorter time than the minimum period fixed in the statute, upon the ground that the time requirement had been substantially complied with. If it could be done under the facts of this case, where the publication was three days less than the statute required, then the collateral facts (other methods of notice, full vote, etc.) urged upon us as authorizing an adjudication that the statute had been substantially complied with, would also authorize us in holding that any *other* less number of days than is required by the minimum period fixed by the statute, would likewise be a substantial compliance with the statute, and which would result in each case being determined from such collateral facts, and followed by the upholding of some elections and declaring others invalid, when, perhaps, the notice in each of them was for the same period of time, the collateral facts existing in the one and not in the other, all of which would be

nothing less than judicial legislation, and a substitution of the opinion of this court for that of the Legislature.

We know of no rule or principle of law that would authorize such a course on our part, and for that reason we have reluctantly come to the conclusion hereinbefore announced. We realize that in this particular case our determination that the election was invalid works an inconvenience, some expense, and perhaps a hardship on the people of Butler county; but it is better that it be so, and that they be relegated to the holding of another election than that we should destroy the fundamental purpose and object of the Legislature in prescribing the minimum notice for such elections, and at the same time invade the legislative domain, and also ignore and set aside our former opinions on the subject.

It results, therefore, that the involved election for the reasons stated is invalid, and the judgment is reversed, with directions for proceedings consistent with this opinion.