## Hinton et al. v. Stewart et al., County Board of Election Com'rs.

(Decided Feb. 15, 1938.)

OSCAR M. SMITH for appellants.

E. J. FELTS for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

On the 23d day of April, 1937, a petition was filed with the county clerk of Logan county, Ky., containing signatures of alleged voters amounting to 3,000 names or more, requesting that an election be called on the 26th day of June, 1937, for the purpose of determining the sense of the legal voters as to whether or not spirituous, vinous, and malt liquors be sold, bartered, or loaned in the county. On the 3d day of May, 1937, which was the regular county court day for the county, exceptions were filed to a large number of the names signed to the petition, on the ground that enough of the signatures to the petition were not registered and legal voters of the county and should be stricken from the petition, and, when that was done, the petition would not contain the requisite number of registered legal voters equal to 25 per cent. of the votes cast at the last preceding election in the county. It required some 10 or 15 days for the court to properly pass upon the exceptions. On the 21st day of May, the court made an order deciding that enough legal voters remained on the. petition after striking off some to leave the 25 per cent., required by the statute, Kentucky Statutes, sec. 2554c-2, remaining. So much of that order necessary for the purpose of this opinion is as follows:

" * * * it is further ordered that a Local Option Election be held in and for the territory of Logan County, Kentucky, on June 26, 1937, for the purpose of taking the sense of the legal voters of said territory (Logan County) on the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein in accordance with the provisions of the Local Option Law [Ky. Stats., sec. 2554c-1 et seq.], being Chapter One (1) of the Acts of the General Assembly of the Commonwealth of Kentucky passed at the regular session of the General Assembly in Nineteen Hundred Thirty-Six; and the court further orders and directs, so far as is proper, that all things be done necessary to carry out the intention of the Legislature in this regard in pursuance with the filing of said petition and this ruling on said petition. * * *"

Under and by virtue of that order, the election was held in Logan county on the 26th day of June, 1927, resulting in a majority of the voters being in opposition to the sale, barter, loaning, or giving of spirituous,

vinous, and malt liquors in Logan county and in favor of adopting the local option law.

Appellants, A. D. Hinton and W. M. Hughes, filed their petition in the Logan circuit court, as authorized by the local option law. A trial was had resulting in a judgment against them, declaring the election valid. They appeal. Counsel for appellants practically waive all other alleged errors for reversal, except the sole question that the order calling the election was made at a called session of the Logan county court and not at a regular term, the election based upon that order is, therefore, invalid. If we reach the conclusion that the order calling the election was made by the court at a called session of the Logan county court, the election would necessarily be invalid. The statute directs without equivocation that the calling of a local option election, to be valid, the order must be at a regular term of the court. It does not follow that the order to be valid should have been made on May 3d. It might have been made on any other day in May, had the court kept the court open or by proper orders of adjournment from day to day kept it open. If, however, the court had continued the court from day to day, then, until the county court was adjourned sine die, the order could have been made, and, if so made, would have complied with the statute. Howard v. Farmer, Sheriff, 268 Ky. 303, 104 S. W. (2d) 957.

The statute requiring that the order be made on a day of the regular court of the county is mandatory, as well as other similar provisions of the statute. We have so decided in a number of cases. Lancaster v. Hamon, 153 Ky. 686, 156 S. W. 142; Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421; Katterjohn v. Kelly, 191 Ky. 238, 230 S. W. 50; Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. (2d) 500; Douthitt v. Board of Trustees of Newcastle, 239 Ky. 751, 40 S. W. (2d) 335; Cassady v. Jewell et al., 268 Ky. 643, 105 S. W. (2d) 810; Terrill et al. v. Taylor et al., 271 Ky. 475, 112 S. W. (2d) 658.

So the question arises here, Was this election called at a regular county court in May or at a called term of the court? The uncontradicted facts are, that the regular county court day for Logan County was the first

Monday in May, 1937. On that day this order was made:

"Logan County Court

"Regular Term 3rd Day of May, 1937.

"At a Regular County Court, begun and held in and for Logan County at the Court House in Russellville, Logan County, Kentucky, on the 3rd day of May, 1937.

"Present J. T. Linton   Presiding Judge

"[Various orders none of which pertain to a Local Option Election]

"It is ordered that Court adjourn.
"J. T. Linton, J. L. C. C."

On the 6th day of May, the court again convened to try an inquest. When that trial ended, the following adjournment order was made:

"It is ordered that court adjourn.   J. T. Linton, Judge."

Then, on the 21st day of May, the order calling the election was made. That order is headed:

"Term called 21st day of May, 1937."

The order ends with the following adjournment order:

"It is ordered that court adjourn.   J. T. Linton, Judge."

Jesse L. Riley, clerk of the county court, and custodian of the records of the county, in his deposition, stated, in substance, that the county court regularly met on the first Monday in each month; that the petition was filed on April 23, 1937; that on May 3d, at the regular May term, there was no order made calling the election; that the court entered an order of adjournment, but on May 21st a called term was made for that day, and at that time the order calling the election was made.

From the orders made by the court and the evidence of Riley, no other evidence appearing in the record, the court can reach no other conclusion than that the order calling the election was made at a called term of the court on the 21st day of May, 1937. As the statute is mandatory, the order must be made at a regular term. An order made at any other term is invalid.

In a number of opinions of this court, we have said, in substance, that no election will be adjudicated invalid, where the departure from provisions of the statute are merely directory; but, when the actions actually taken with reference to mandatory provisions are such as to create absolutely a failure of compliance with a statute, it then becomes the duty of the court to adjudge the election invalid and void. The statute is direct and clear. No one could read it and misunderstand that a call of a local option election must be made at a regular term and not at a special or called term.

In the case of Terrill et al. v. Taylor et al., supra, and in the case (composing two actions) of Wolfe County Liquor Dispensary Ass'n v. J. B. Ingram, County Judge, et al., and Roy Buchanan v. F. J. Stamper, Sheriff, et al., 271 Ky. 112, ... S. W. (2d), ..., decided February 8, 1938, the court decided that, where a statute like the one under consideration has not been followed, elections held in violation of the mandatory provisions of such statutes are invalid.

From the admitted facts as developed in the instant case, and following the opinions herein referred to, we cannot escape the conclusion that the election held under the order made on May 21, 1937, a called term of the Logan county court, is invalid.

Wherefore, the judgment is reversed, with directions to set the election aside and for further proceedings consistent with this opinion.