IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00101-CR

 

Ex parte
David Wayne Shipman

 

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court No. H200900001

 



MEMORANDUM  Opinion










 

            David Wayne Shipman filed an
application for habeas corpus with the trial court alleging that his sentence
for a 1987 conviction for driving while intoxicated was illegal. Tex. Civ. Stat. Ann. art. 6701l-1(c)
(Repealed by Acts 1993, 73rd Leg., ch. 900, § 1.15, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 63, eff. Sept. 1, 1995).  The trial court denied the writ, and Shipman appeals.  Because the sentence was not illegal, we affirm
the trial court’s judgment.

            An appellate court reviewing a trial
court's ruling on a habeas claim must review the record evidence in the light
most favorable to the trial court's ruling and must uphold that ruling absent
an abuse of discretion.  Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  A "void" or "illegal" sentence is one that is
not authorized by law and is cognizable on a writ of habeas corpus.  See
Ex parte Pena, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002); see
also Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).  "A
sentence that is outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal."  Mizell v. State, 119
S.W.3d 804, 806 (Tex. Crim. App. 2003).    

            The resolution of this case depends on
whether Shipman's sentence is illegal.  Shipman argues that the maximum
sentence he could have received for his driving while intoxicated conviction
was 180 days.  Because the trial court sentenced him to “6 months” which could
be up to 181 days, the argument continues, his sentence was outside the maximum
range and, therefore, illegal.  However, at the time Shipman was sentenced for
driving while intoxicated, the range of punishment available was 72 hours to
two years.  See Tex. Civ. Stat.
Ann. art. 6701l-1(c) (Repealed by Acts 1993, 73rd Leg., ch. 900,
§ 1.15, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 63, eff. Sept. 1, 1995).  Because Shipman’s sentence was within the range of punishment applicable
for an offense committed in 1987, his sentence was not illegal.  Consequently,
the trial court did not abuse its discretion in denying Shipman’s writ of
habeas corpus.

            Shipman’s sole issue is overruled, and
the trial court’s order denying Shipman’s application for writ of habeas corpus
is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed October 28, 2009

Do
not publish 

[CR25]






t the matter of publishing notices is only
directory and not mandatory, thus allowing the treatment of irregularities as informalities which
do not vitiate the election. Appellees cite several cases in support of the contention that the matter
of legal notice in this case is only directory, but all of said cases are distinguishable because they
involved general law elections.
          In Turner v. Lewie, the court noted the distinction between general law elections and
special law elections, where it stated:
Laws requiring notice of general elections, held on days fixed by law, are usually
held to be directory only, because it is presumed that time and place of the election
is known to all without special notice. But the rule is different as to special
elections. It is usually held that the required notice of a special election constitutes
a condition upon which authority is granted to hold the election, and that there must
be substantial compliance with the law. It has often been held that failure to give
the required notice invalidates the special election.

Turner v. Lewie, 201 S.W.2d 86, 88-89 (Tex. Civ. App.--Fort Worth 1947, writ dism'd).
          The Appellees and the majority opinion seem to follow the rule that irregularities in an
election will not invalidate the election if voters had notice of the election through other means
than legal notice, such as newspaper articles, and that to invalidate such an election it must be
shown that the result of the election would have been different but for the irregularities complained
of. In Turner the court refused to follow that rule and stated what I believe to be the proper rule,
as follows:
The proceedings of the election, and those leading up to it, must themselves give
sufficient notice regarding the election and its purposes. It is not enough that some
or even all of the voters learned of the election through reading news items, or by
conversations with other citizens, or by hearing of it through any means other than
the notices required to be given by the statutes regulating the election. If there is
not a substantial compliance with the law in the proceedings leading up to the
election, there is no valid election. The will of the majority of the voters might be
expressed in any number of ways, as in a mass meeting, or by petition, and yet not
amount to an election. Our system of government depends for its existence on
orderly elections, held strictly in accordance with the law, and surrounded by all
of the safeguards which the lawmakers have seen fit to impose. It is important that
the voters receive legal notice of the election and the purposes for which it is to be
held. 

Id. at 89 (emphasis added). 
          Further, in Coffee v. Lieb the court stated:
`Where, as is usually the case in special elections, the time and place for holding
the same are not fixed by law but are to be fixed by some authority named in the
statute after the happening of a condition precedent, the statutes as to giving notice
thereof are considered mandatory, and a failure to give notice or issue proclamation
of such an election will render it a nullity.'

Coffee v. Lieb, 107 S.W.2d 406, 410 (Tex. Civ. App.--Eastland 1937, no writ) (emphasis added).
          Appellees rely on Pollard v. Snodgrass, 203 S.W.2d 641, 644 (Tex. Civ. App.--Amarillo
1947, writ dism'd), which was a special local-option election wherein the notice of election was
required to be posted six days prior to the election. Appellees herein stated that only five days'
notice was given and the court held that to be substantial compliance. Appellees contend that
Pollard holds that variances greater than 15% constitute substantial compliance. I find the court's
reasoning to be more narrow than Appellees contend. The court found that "the time of actual
posting and that provided by the statute could not have been more than a few hours," and the court
held that was substantial compliance. Id. at 644. 
          In Coffee, six days' notice was required by statute for a special election involving local
option and the clerk only posted notice three days prior to the election. The court found that not
to be substantial compliance and held the election to be void. 
          In Pickard, the Kentucky court followed that same law as the Texas rule for special
elections and the opinion states: "Where a special election is required by statute to be advertised
a given time before the day of election, such advertisement is `mandatory' and election is void
unless there is a substantial compliance with the statute." Pickard v. Cross, 165 S.W.2d 986 (Ky.
Ct. App. 1942). The Kentucky court, in holding the election void for failing to substantially
comply with the notice requirement, cited Pendley v. Butler County, 229 Ky. 45, 16 S.W.2d 500
(Ky. Ct. App. 1929), a case where there was a thirty-day notice requirement for a special election
and only twenty-seven days' was given. That Kentucky court found there was not substantial
compliance with the notice requirement and voided the election.
          Texas courts have consistently held in special elections that legal notice provisions are
mandatory and require substantial compliance with the law. Branaum v. Patrick, 643 S.W.2d
745, 749-750 (Tex. Civ. App.--San Antonio 1982, no writ); Christy v. Williams, 292 S.W.2d 348,
350 (Tex. Civ. App.--Galveston 1956), writ dism'd w.o.j., 298 S.W.2d 565 (Tex. 1957); Turner
v. Lewie, 201 S.W.2d 86, 88-89 (Tex. Civ. App.--Fort Worth 9147, writ dism'd); Coffee v. Lieb,
107 S.W.2d 406, 410 (Tex. Civ. App.--Eastland 1937, no writ); Op. Tex. Att'y Gen. No. JM-747
(l987); 31 Tex. Jr. 3d Elections § 107 (1984). Turner held that our system of government depends
for its existence on orderly elections, held strictly in accordance with the law. Id. at 89. Turner
also rules out consideration of other means of disseminating notice of an election to the voters than
that prescribed by statute. Id. at 89. Accordingly, all the other publicity concerning the election
should not be considered by the court in determining whether there was substantial compliance. 
The Pendley case is closest to the facts of this case, where the court found that twenty-seven days'
notice did not substantially comply with the thirty-day notice requirement. Following Pendley,
I find that the thirty-day notice given in this case did not substantially comply with the mandatory
notice of at least 35 days. To rule otherwise renders the statutory requirement of at least 35 days
meaningless. 
          In this case there were 919 votes cast for the creation of the hospital district and 880
against, which is a difference of 39 votes out of 1,789 total votes. The opponents to the
proposition, Appellant herein, were not legally aware that Precinct 3 had been eliminated from the
proposed district until the April 5, 1990, edition of the Hamilton Herald News, just 30 days prior
to the election. The proponents of the district, Appellees herein, had known of the boundary
change since May 1989. By limiting the Appellant to only 30 days' notice of a major change in
the size of the proposed district which eliminated Appellant's strongest precinct, it is my opinion
that the Appellant was placed at a significant disadvantage which materially interfered with the
election. It is obvious that the Appellant was entitled to at least 35 days notice of this change. 
Under these circumstances and following the rationale in Pendley, it is my opinion that the 30
days' notice given was not substantial compliance with the notice provision and that the failure to
give 35 days' notice materially interfered with the election and the right of electors to freely
participate therein. Accordingly, I respectfully dissent from the majority opinion and would
reverse the judgment of the trial court.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
 
Opinion delivered and filed February 21, 1991
Publish